THE PEOPLE OF THE STATE OF NEW YORK ex rel. LOUIS M. EMPIE, Appellant, *v.* CLARENCE W. SMITH, as Mayor of the City of Johnstown, et al., Respondents.

Certiorari — invalidity of sewer assessment because method prescribed by statute was not followed — premature publication of notice of assessment.

1. In a certiorari proceeding to review the action of a common council in levying a sewer assessment, section 2141 of the Code of Civil Procedure does not authorize the Appellate Division to determine disputed questions of fact involving the rights of the parties or to grant final judgment upon the fact so found by it. (*People ex rel. Town of Hempstead* v. *Tax Commissioners*, 214 N. Y. 594, followed.)

2. The charter of the city of Johnstown prescribes, among other things, for the making of an assessment for a sewer, the establishment by its common council of a district of assessment and the giving notice of the proposed improvement, either by publication or by personal service thereof upon each landowner whose property is in the district affected by the assessment. (§ 130.) A resolution declaring the intention of the common council to make such an assessment was duly adopted, but the notice of the proposed assessment was published before the district of assessment was

established. *Held*, that the method prescribed by the statute for levying such assessment is essential to the validity of the proceeding and must be followed; that the publication of the notice was premature; that the owners of property to be affected by the proposed improvement cannot be ascertained until the district of assessment has been established, and, hence, that the assessment is invalid and must be annulled.

*People ex rel. Empie* v. *Smith*, 166 App. Div. 406, reversed.

(Argued September 30, 1915; decided October 19, 1915.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered April 3, 1915, which modified, on certiorari, and confirmed as modified an assessment against real property of the relator.

The facts, so far as material, are stated in the opinion.

*Alfred D. Dennison* and *Anson Getman* for appellant. The assessment is void because no notice was served after district of assessment was established. (L. 1905, ch. 593; *Folmsbee* v. *City of Amsterdam*, 142 N. Y. 118; Dillon on Mun. Corp. [5th ed.] 2607; *Tifft* v. *City of Buffalo*, 25 App. Div. 376; 164 N. Y. 605; *Merritt* v. *Village of Portchester*, 71 N. Y. 309; *Moore* v. *Mayor, etc.*, 73 N. Y. 238; *Matter of Pennie*, 108 N. Y. 364; *Stebbins* v. *Kay*, 123 N. Y. 31; *People ex rel. O'Reilly* v. *Kingston*, 189 N. Y. 66; *Matter of Phillips*, 60 N. Y. 16; *Matter of Little*, 60 N. Y. 343; *Matter of Anderson*, 60 N. Y. 457; *Matter of De Perris*, 82 N. Y. 243; *Weeks* v *Middletown*, 107 App. Div. 587.)

*Fred Linus Carroll* and *Edwin Baylies* for respondents. The notice of the proposed improvement was not published prematurely; in form and substance it met all statutory and constitutional requirements; it effectually charged the relator with notice of the proposed improvement; warned him of the effect of a failure to file

objections thereto; and conclusively refutes the claim
of ignorance and its cause set forth in the petition.
(*Works* v. *City of Lockport,* 28 Hun, 9; *Stuart* v.
*Palmer,* 74 N. Y. 183.)

WILLARD BARTLETT, Ch. J.   This is a special proceed-
ing under a writ of certiorari returnable in the first
instance directly to the Appellate Division to review the
action of the common council of the city of Johnstown
in confirming an assessment of $1,350.21 against the prop-
erty of the relator for the construction of a sewer known
as the Thyneville trunk sewer in said city.   The relator
attacked the validity of the assessment on the ground
that it had not been levied in conformity with the require-
ments of the city charter relative to improvements of this
character.   The Appellate Division held, however, that
the legal formalities prescribed by the statute had been
complied with by the municipal authorities and that the
only objection which the relator could urge against the
assessment was that it was unjust in itself and as com-
pared with the assessment upon other property in the
vicinity.

In passing upon this question the Appellate Division
held that the assessment was " nearly confiscatory."
Nevertheless, deeming the relator to have derived some
benefit from the sewer for which he should pay and
because much inconvenience would result if the assess-
ment were annulled and a new assessment ordered, the
court assumed the power to modify it under section 2141
of the Code of Civil Procedure and accordingly reduced
the assessment to $800, and affirmed it as thus modified,
with costs to the relator.

The decision of the Appellate Division to this effect was
rendered in March, 1915, about a month before the
decision of this court in *People ex rel. Town of Hemp-
stead* v. *Tax Commissioners* (214 N. Y. 594).   In the case
cited it was held that in a certiorari proceeding of this

character where the writ is returnable directly to the Appellate Division, section 2141 does not authorize that court to determine disputed questions of fact involving the rights of the parties or to grant final judgment upon the facts so found by it. Where the Appellate Division holds that the body whose determination is under review has erred in its determination upon the facts it should remit the matter to the inferior tribunal for a further consideration upon the merits.

Our decision in the *Hempstead* case, therefore, would require us to modify the order under review and remit the matter to the Johnstown common council for further proceedings if there were nothing else in the case — that is to say, if we agreed with the disposition made by the learned Appellate Division of the relator's legal objections to the validity of the assessment. I find myself unable to concur, however, with the conclusion reached by the court below that the notice of the assessment was sufficient. On the contrary, I think it was published prematurely and that the failure of the clerk of the common council to give the notice required by the city charter at the time therein prescribed invalidates the assessment against the property of the relator.

The statutory provisions bearing upon this point which it is necessary to consider are sections 124, 125, 128, 129 and 130 of chapter 593 of the Laws of 1905, entitled "An act to revise the charter of the city of Johnstown." These sections contain general provisions relating to local improvements with certain exceptions immaterial to be considered upon this appeal. They also contain special provisions as to sewers. These special provisions in my opinion are supplemental to the general provisions relating to local improvements and not substitutes therefor.

Section 130 of the charter is entitled: "Notice of proposed improvement" and provides: "If a district of assessment has been established, then upon the passage

of a resolution of the common council declaring its intention to make a local improvement the expense of which is payable wholly or partly by local assessment, or if the local improvement be a sewer, upon the filing by the city engineer of his map, profiles and estimate in relation thereto, the clerk shall prepare and sign a written notice of the proposed improvement, and stating that at a meeting of the common council to be held at a date specified therein the common council will hear any persons interested in relation to such improvements, who have filed objection as hereinafter provided." The section goes on to declare that all persons interested who do not file objections before or at such meeting shall be deemed to have acquiesced in the proposed improvement. Finally it is provided that the notice shall either be published at least once a week in each of the official newspapers of the city at least ten days before the expiration of the time for objecting thereto "or shall be served upon each such owner of property within the district of assessment fixed for such improvement" by delivering to him personally a copy thereof.

In the present proceeding the notice was published after the city engineer had filed his map, profiles and estimates, but before the district of assessment was established. I think that this publication was premature. Reading all the pertinent provisions of the charter together it seems to me that the procedure contemplated by the legislature in the case of a sewer assessment was: (1) The passage of a resolution by the common council declaring its intention to make an assessment; (2) the establishment by the common council of a district of assessment; (3) the filing by the city engineer of his map, profiles and estimates, and (4) the giving of the prescribed notice of the proposed improvement. The provision for alternate service in section 130 seems to me conclusive as to the point that the establishment of the district of assessment must precede the giving of notice. The notice need not necessarily

be given by publication in the official newspapers but the statute permits resort to personal service. Upon whom is such personal service to be made ? The statute answers, upon each such owner of property within the district of assessment fixed for such improvement. How can these owners be ascertained so that they may be notified unless the district of assessment has previously been established ?

It is well settled that the method prescribed by the legislature for exercising the power to levy assessments is essential to the validity of the proceeding and must be followed. The courts may not declare a departure therefrom to be immaterial on the ground that a different mode which was adopted was just as effectual to protect the parties interested. (*People ex rel. O'Reilly* v. *Common Council of Kingston*, 189 N. Y. 66 and cases therein cited.) But in this case the different mode was not effectual at all to protect the relator, for he testified without contradiction that he had no knowledge or information that his land was to be included within the district of assessment for the sewer in question until after the hearing by the common council.

For the reasons which I have stated I advise that the order of the Appellate Division be reversed, with costs, and the assessment against the lands of the relator annulled.

CHASE, COLLIN, CUDDEBACK, HOGAN, SEABURY and POUND, JJ., concur.

Order reversed, etc.