In the Matter of the Petition of LUCY PHILLIPS to Render and Settle Her Account as Administratrix of JOSEPH PHILLIPS, Deceased. LUCY PHILLIPS, as Administratrix, and FREDERICK A. KECK, as Special Guardian, Appellants; MARGARET F. HIGGINS and LOUISE F. KENNEDY, Respondents.— Decree of the Surrogate's Court of Kings county, in so far as appealed from, unanimously affirmed, with costs to respondent Margaret F. Higgins, payable out of the estate. No opinion. Present — Kelly, P. J., Manning, Young, Kapper and Lazansky, JJ.

In the Matter of Supplementary Proceedings: PHILIP SASLOV, Respondent, v. LOUIS SAUL, Appellant.— Order as resettled, directing setoff affirmed, without costs. No opinion. Kelly, P. J., Manning, Young, Kapper and Lazansky, JJ., concur.

In the Matter of the Application of LEOPOLD SEIDL, Petitioner, for a Certiorari Order to JOSEPH ZAUNER, Receiver of Taxes; WILLIAM R. HARMAN, City Clerk, and JOHN H. SCOFIELD, Commissioner of Public Works of the City of New Rochelle, Respondents.— Determination confirmed, with fifty dollars costs, upon the ground that there was a substantial compliance with the provisions of the statute.† The record shows that with full knowledge of the progress of the work the relator allowed the same to proceed without objection or protest. Kelly, P. J., Manning and Kapper, JJ., concur; Lazansky and Hagarty, JJ., dissent, with the following memorandum: The commissioner of public works had no authority to levy an assessment for benefit upon relator's property because of the failure of the city clerk to comply with section 282 of the Charter of the City of New Rochelle. (People ex rel. Empie v. Smith, 216 N. Y. 95.) The failure to advertise for bids and to make a separate contract for a gutter invalidates the assessment. (People ex rel. O'Reilly v. Common Council, 189 N. Y. 66.) Certiorari is the proper remedy to review an invalid assessment such as this. (Mercantile Nat. Bank v. Mayor, etc., of N. Y., 172 N. Y. 35.) Section 73 of the charter is not applicable to assessments for benefit. Even if it were it would not limit the right to review the determination here under consideration, because it is not a provision for appeal to another body within the meaning of section 1286, subdivision 2, of the Civil Practice Act.