The Dyker Meadow Land and Improvement Company, Appellant, *v.* George H. Cook, Respondent.

1. Vendor and Purchaser — Title — Incumbrance of Local Assessment. A vendor of real estate, who has contracted to convey the property free from any incumbrance, cannot compel the purchaser to accept title, when a local assessment appears of record against the property, unless the proceeding in which the assessment was made is void upon its face, so that it does not constitute even an apparent lien.

2. Assessment not Invalid on its Face. When one section of a resolution providing for a street improvement is open to the contention that it vested the grading commissioners with discretionary power to determine what lands were benefited by the improvement and to confine the assessment to those only, and another section prescribed a district of

assessment, the question as to which section controls is not so free from doubt as to enable the vendor of property against which the assessment is recorded to properly claim that the assessment is absolutely invalid on its face because some portion of the property within the assessment district was omitted, or that the commissioners did not have a discretion to exempt any property which they deemed not to be benefited by the improvement.

3. REPORT OF COMMISSIONERS OF ASSESSMENT. The mere failure of the report of the commissioners to show that any lands of a particular party were assessed, does not constitute a showing upon the face of the assessment that such party had any land within the assessment district that was not assessed.

4. UNMARKETABLE TITLE. A purchaser of real estate ought not to be compelled to take property, the possession or title of which he may be obliged to defend by litigation; and if the title may be fairly questioned, specific performance will be refused.

5. SPECIFIC PERFORMANCE. The right of specific performance rests in the judicial discretion of the court, and may be granted or withheld upon a consideration of all the circumstances and in the exercise of that discretion.

*Dyker M. L. & Imp. Co. v. Cook,* 3 App. Div. 164, affirmed.

(Argued March 20, 1899; decided April 18, 1899.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department in favor of the defendant, entered April 22, 1896, upon a decision of a controversy submitted under section 1279 of the Code of Civil Procedure.

The facts, so far as material, are stated in the opinion.

*George W. Wingate* for appellant. The General Term was in error in deciding that chapter 622 of the Laws of 1886, under which the commissioners for grading Seventh avenue assumed to act, in omitting to impose any assessment for the expenses of said improvement upon the property belonging to the Sisters of Mercy fronting on said avenue, was not unconstitutional in consequence of its being a local act, the subject of which was not expressed in the title. (*People ex rel. v. Briggs,* 50 N. Y. 553; *People ex rel. v. Bd. Suprs.,* 43 N. Y. 10; *People ex rel. v. Hills,* 35 N. Y. 449; *People ex rel. v. Dunlap,* 66 N. Y. 162; *Matter of N. Y. & L. I. B. Co.,*

148 N. Y. 540; *Matter of Paul,* 94 N. Y. 497; *Harris* v.
*Bd. Suprs.,* 33 Hun, 280; *Astor* v. *A. R. Co.,* 113 N. Y. 93.)
The General Term was in error in deciding that the acts in
question were not unconstitutional on account of violating the
provisions that no person shall be deprived of his property
without due process of law. (*Weismer* v. *Village of Doug-
las,* 64 N. Y. 91; *Embury* v. *Conner,* 3 N. Y. 511; *Powers*
v. *Bergen,* 6 N. Y. 358; *Matter of Van Antwerp,* 56
N. Y. 265; *Matter of Mayor, etc., of New York,* 11
Johns. 77; *B. C. Cemetery* v. *Buffalo,* 46 N. Y. 506;
*Van Deventer* v. *Long Island City,* 139 N. Y. 139; *Roose-
velt Hospital* v. *Mayor, etc.,* 84 N. Y. 112; *Stuart* v. *Palmer,*
74 N. Y. 183.) If the provisions of the act of 1886 were
unconstitutional it follows that it was the duty of the grading
commissioners to assess the land belonging to the Sisters of
Mercy abutting on Seventh avenue in the same way as they
did that of the plaintiff and of the other owners of lands
thereon. (*Hassen* v. *City of Rochester,* 65 N. Y. 518; *County
of Monree* v. *City of Rochester,* 154 N. Y. 570.) The omis-
sion to impose any assessment for the grading of Seventh ave-
nue upon the premises belonging to the Sisters of Mercy was
not an irregularity but a violation by the commissioners of
their duty in consequence of which the plaintiff and other
individual owners of property on the avenue were compelled
to pay the proportion of the expense which should have been
borne by said society. This was a jurisdictional violation of
the commissioners' duty which rendered the whole assessment
illegal and void. (*Matter of N. Y. P. E. School,* 75 N. Y.
324; *Hassan* v. *City of Rochester,* 67 N. Y. 528.) The
failure of the plaintiff to appear before the commissioners,
or before the Supreme Court, and the confirmation of the
commissioners' report by the latter, did not render the
assessment valid. (L. 1861, ch. 143; 65 N. Y. 537; *Van
Deventer* v. *Long Island City,* 139 N. Y. 139; *Matter of
N. Y. P. E. School,* 75 N. Y. 224; *Elwood* v. *City of
Rochester,* 122 N. Y. 229; *Kennedy* v. *City of Troy,* 77 N.
Y. 493; *Western R. R. Co.* v. *Nolan,* 48 N. Y. 513; *Hoffeld*

v. *City of Buffalo*, 130 N. Y. 387; *Guest* v. *City of Brook-lyn*, 69 N. Y. 506; *Stuart* v. *Palmer*, 74 N. Y. 184; *Newell* v. *Wheeler*, 48 N. Y. 486; *Marsh* v. *City of Brooklyn*, 59 N. Y. 280.) The supervisors had no authority to prescribe the method in which the commissioners should act or the effect of the order confirming their report. (L. 1881, ch. 554; *People* v. *Mayor, etc.*, 4 N. Y. 438; *Merritt* v. *Village of Portchester*, 71 N. Y. 309; *People* v. *Hagadorn*, 104 N. Y. 516.) Even if the supervisors possessed the power to author-ize an application to the Supreme Court, the resolution in question and the action taken thereunder was void as it did not afford the property owners that opportunity to be heard which the law requires. (Code Civ. Pro. §· 787; *Stuart* v. *Palmer*, 74 N. Y. 183; *Matter of Mayor, etc.*, 99 N. Y. 581; *Matter of Middletown*, 82 N. Y. 196.) Even, however, if it be conceded that the resolution in ques-tion vested the Supreme Court with all the authority which it mentions, that does not make the case any different from the confirmation which existed in the case of *Hassen* v. *City of Rochester*. (*Peyser* v. *Mayor, etc.*, 70 N. Y. 497; *Strus-burgh* v. *Mayor, etc.*, 87 N. Y. 452; *Dolan* v. *Mayor, etc.*, 62 N. Y. 472; *Bruecher* v. *Vil. of Port Chester*, 101 N. Y. 240; *Matter of Carlton Street*, 16 Hun, 497; *Matter of Buffalo*, 78 N. Y. 363; *Doughty* v. *Hope*, 1 N. Y. 79; *Mat-ter of N. F. R. R. Co.*, 121 N. Y. 319; *Speir* v. *Town of New Utrecht*, 121 N. Y. 420; *Miller* v. *Brown*, 56 N. Y. 383.) The assessment being void upon its face, its existence constituted no reason why the defendant, who had contracted for the purchase of this property, should not perform his con-tract. (*Marsh* v. *City of Brooklyn*, 59 N. Y. 280; *Forster* v. *Scott*, 136 N. Y. 577; *Holly* v. *Hirsch*, 135 N. Y. 590.)

*J. Edward Swanstrom* for respondent. Chapter 622 of the Laws of 1886 is not in violation of section 16 of article 3 of the Constitution. (*People ex rel.* v. *Briggs*, 50 N. Y. 553; *Matter of N. Y. & B. Bridge*, 72 N. Y. 527; *Matter of Mayor, etc.*, 99 N. Y. 569.) The act of 1886 does not

deprive plaintiff of its property without due process of law. (*People ex rel.* v. *Mayor, etc.,* 4 N. Y. 419; *Litchfield* v. *Vernon,* 41 N. Y. 124; *Matter of Van Antwerp,* 56 N. Y. 261; *Gordon* v. *Cornes,* 47 N. Y. 611.) The assessment upon the premises was legally imposed. (L. 1881, ch. 554; *Matter of Church,* 92 N. Y. 1; *Blydenburgh* v. *Cotheal,* 4 N. Y. 418; *Pooley* v. *City of Buffalo,* 122 N. Y. 592; *Croveno* v. *A. A. R. R. Co.,* 150 N. Y. 225; *Stuart* v. *Palmer,* 74 N. Y. 183.) The appellant having failed to appeal from the said assessment as prescribed in the said resolution, or to appear in court upon the application to confirm or to object to such confirmation; the order of the Supreme Court confirming the same constituted an adjudication which is conclusive in regard to its validity. (*Dolan* v. *Mayor, etc.,* 62 N. Y. 472; *Matter of Department Parks,* 73 N. Y. 560; *Pittman* v. *Mayor, etc.,* 3 Hun, 370; *Pray* v. *Hageman,* 98 N. Y. 351; *Matter of Union El. R. R. Co.,* 112 N. Y. 61.) Even if the above points might not well be taken, and the assessment in question might be illegal, yet its existence constitutes such a cloud upon the title of the premises that the defendant cannot safely complete his purchase. (*Hassan* v. *City of Rochester,* 67 N. Y. 536; *Holly* v. *Hirsch,* 135 N. Y. 590.)

*John Whalen,* Corporation Counsel (*William J. Carr* of counsel), for the city of New York, on behalf of respondent. Apart from any exemption provided by chapter 622 of the Laws of 1886, the assessment on the plaintiff's land was not invalid on the face of the proceedings because of the apparent omission of the lands owned by the Sisters of Mercy. (*Hassen* v. *City of Rochester,* 65 N. Y. 521; *Matter of N. Y. P. E. School,* 75 N. Y. 324; *Ellwood* v. *City of Rochester,* 122 N. Y. 229; *County of Monroe* v. *City of Rochester,* 154 N. Y. 570.) Chapter 622 of the Laws of 1886 is not unconstitutional. (*People ex rel.* v. *Lawrence,* 41 N. Y. 137; *Neuendorff* v. *Duryea,* 69 N. Y. 557; *People ex rel.* v. *Briggs,* 50 N. Y. 553; *Astor* v. *A. R. Co.,* 113 N. Y. 93; *Matter of Mayor, etc.,* 99 N. Y. 570; *Matter of P. P. & C. I. R. R. Co.,* 67

N. Y. 371; *People ex rel.* v. *Mayor, etc.*, 4 N. Y. 419; *Matter of N. Y. P. E. School*, 31 N. Y. 574; *Howell* v. *City of Buffalo*, 37 N. Y. 267; *Litchfield* v. *Vernon*, 41 N. Y. 124.) The plaintiff is bound by the order of the Supreme Court confirming the assessments. (*People ex rel.* v. *Bd. Suprs.*, 154 N. Y. 381; *Methodist Church* v. *Mayor, etc.*, 55 How. Pr. 57; *Dolan* v. *Mayor, etc.*, 62 N. Y. 472; *Matter of Arnold*, 60 N. Y. 26; *Matter of U. E. R. R. Co.*, 112 N. Y. 61; *People ex rel.* v. *Bd. of Suprs.*, 112 N. Y. 585; *Hubbard* v. *Sadler*, 104 N. Y. 223; *Matter of Church*, 92 N. Y. 1; *Croveno* v. *A. A. R. R. Co.*, 150 N. Y. 225; *Pooley* v. *City of Buffalo*, 122 N. Y. 592.) This court should dismiss the appeal on its own motion. (Code Civ. Pro. § 280.)

*Per Curiam.* The questions in this case are presented by a submission of the controversy between the parties upon admitted facts under the provisions of the Code of Civil Procedure. (§§ 1279–1281.) The obvious purpose of this action was to obtain an adjudication as to the right of the plaintiff to compel the defendant to accept the title offered to certain real estate which it contracted to sell and convey to him free from any incumbrance or lien thereon. The latter refused to complete his purchase upon the ground that a local assessment made for the improvement of Seventh avenue in the town of New Utrecht was a lien or incumbrance upon the premises, and, therefore, the title offered was not marketable and not such as the plaintiff contracted to give. That the assessment, if a valid lien upon the property, was sufficient to justify the defendant's refusal to complete his purchase, is not denied. Nor can the plaintiff succeed unless the proceeding in which the assessment was made was void upon its face, so that it constituted no cloud upon its title. Thus, the broad question is presented whether that assessment upon its face was so clearly illegal that it was not an apparent lien upon the property which was the subject of the contract between the parties.

The claims of the plaintiff are: 1. That a portion of the property upon Seventh avenue which, under section twenty-

eight of the resolution of the board of supervisors of Kings county, should have been assessed for the improvement of that street, was owned by the Sisters of Mercy, a charitable corporation, and that the grading commissioners, in making their assessment, omitted to assess that property upon the ground that it was exempt under the provisions of chapter 622 of the Laws of 1886. 2. That this statute was invalid because in conflict with section 16 of article 3 of the Constitution, and, hence, did not justify its exemption. 3. That the omission to assess that property rendered the whole assessment void; that its invalidity was apparent from the proceeding under which it was made, and, hence, void upon its face, and not even an apparent lien upon the premises.

With our view of this case we deem it unnecessary to decide whether chapter 622, Laws 1886, is violative of the Constitution, or to determine whether, if an omission of a portion of the property mentioned in section twenty-eight of the resolution of the supervisors of Kings county had appeared upon the face of the proceeding, it would have rendered the assessment void. If we assume the invalidity of the statute and that the omission of any portion of the property referred to in that section rendered the assessment void, still, unless we find upon the face of the assessment proceeding something to show that the property of the Sisters of Mercy was liable to assessment and did not bear its proportion of the expenses of the improvement, the assessment constituted at least an apparent lien upon the plaintiff's property, and its title cannot be regarded as marketable or free from incumbrance.

Unless the proceeding was void upon its face then, confessedly, the defendant is not obliged to complete his contract. It is not sufficient to entitle the plaintiff to recover that the defendant might, by extrinsic evidence, establish facts which would invalidate the assessment. He was entitled under his contract to a title that was valid upon the record, that was unincumbered, and to one that was marketable. When we examine the assessment proceeding as it is set forth in the record we find nothing in it which conclusively establishes the inva-

lidity of the assessment. Nor does it show upon its face the omission of any property which should have been assessed.

Section twenty of the resolution of the board of supervisors, which authorized the improvement of Seventh avenue, expressly provides that the grading commissioners appointed by the supervisor of the town should enter upon the lands and premises taken for the street, cause the same to be graded, constructed and improved, and assess the expense thereof, which they should estimate to be necessary and proper, upon the lands and premises which in their judgment should be benefited by said improvement, in proportion to the benefits accruing to them by reason thereof, and extending as thereafter provided. By section twenty-six, section twenty, which related to Seventy-sixth street, was made applicable to Seventh avenue. Section twenty-eight, as amended, provides that the assessment districts should extend to and include the lands on each side thereof severally and respectively as follows : " Seventh avenue, to the distance of three hundred and fifty feet on each side thereof, from Warehouse avenue to the city line of Brooklyn."

The provisions of section twenty-eight and section twenty are somewhat in conflict. By the latter it would seem that the grading commissioners were to determine what lands were benefited by the improvement, and that it was only upon such as they should determine to be benefited that the assessment was to be made. On the other hand, section twenty-eight prescribes the districts of assessment, and that the assessment district for Seventh avenue should extend to and include the lands on each side thereof as above stated.

We do not deem it essential to pass upon the question whether the grading commissioners were vested with discretionary power to determine what lands were benefited by the improvement and to confine their assessment to those only, or whether the provisions of section twenty-eight control and required them to include all the lands on each side of Seventh avenue to the distance of three hundred and fifty feet. For, be that as it may, that question cannot be regarded so free

from doubt as to enable the plaintiff to properly claim that the assessment is absolutely invalid because some portion of the property within the assessment district was omitted, or that the commissioners did not have a discretion under section twenty to exempt any property which they deemed not to be benefited by the improvement. We think this question was involved in a degree of uncertainty which rendered the plaintiff's title so far doubtful that the defendant should not be required to accept the title tendered.

Moreover, we are of the opinion that there is nothing upon the face of the proceeding which shows that the lots owned by the Sisters of Mercy were not assessed. The only evidence we find in the record bearing upon that question is contained in the list of assessments attached to the report of the grading commissioners. By that instrument they reported that they had caused a map of the avenue to be made and signed by them which was annexed, showing the several parcels of land *assessed* for such improvement and specifying the names of the owners of each parcel so *assessed*, and that they had made such *assessments* specifying the names of the owners so far as known, as shown in the table of assessments. Then follows a number of parcels of real estate, opposite which it purports to give the lot numbers upon the map, the names of the owners of land *assessed*, a statement of the respective interests of the persons interested in it, and the amount of assessment to be paid by each person for land benefited by the improvement. When, however, we reach lots numbered 487 and 488, all we find in the record is the numbers of the lots, the name " Sisters of Mercy " under the caption " Names of the Owners of Land assessed for the Improvement," followed by the words " An Estate in fee." Here the record ends so far as these lots are concerned. Surely there is nothing upon the face of that report or assessment to show that the Sisters of Mercy had any property within the assessment district that was not assessed. The most that can be said is that it failed to show that any of its lands were assessed. We think with this condition of the record there follows no conclusive inference that

this land was assessable and not assessed.    Therefore, it cannot be said that the proceeding was void upon its face upon the ground of any such omission.

To entitle a vendor to specific performance of a contract for the purchase and sale of real estate he must be able to tender a marketable title.    A purchaser ought not to be compelled to take property, the possession or title of which he may be obliged to defend by litigation.    He should have a title that will enable him to hold his land free from probable claim by another, and one which, if he wishes to sell, would be reasonably free from any doubt which would interfere with its market value.    If the title may be fairly questioned, specific performance will be refused.    (*McPherson* v. *Schade,* 149 N. Y. 16.)    The principle of that case was followed in *Heller* v. *Cohen* (154 N. Y. 299), and it was also held that where a vendee seeks to rescind a contract on account of a defect of title, the question of the materiality of the defect is one of fact when it depends upon and is an inference to be drawn from circumstances.    Besides, the right of specific performance rests in the judicial discretion of the court, and may be granted or withheld upon a consideration of all the circumstances and in the exercise of that discretion.    (*Stokes* v. *Stokes,* 155 N. Y. 581.)

When we apply the principles of these decisions to the facts in this case, it becomes apparent that the plaintiff was not in a position to compel the defendant to specifically perform the contract between the parties.    A contrary determination might result in compelling him either to pay the amount of the assessment as an incumbrance upon the property or to conduct a serious and protracted litigation to defend his right of possession or the title he would acquire.    This he is not required to do.

We think the result reached by the court below was right and that its judgment should be affirmed, with costs.

All concur.

Judgment affirmed.