In the Matter of LEOPOLD SEIDL, Appellant, against JOSEPH ZAUNER, Receiver of Taxes, et al., Respondents.

**Assessment — New Rochelle (city of) — notice — certiorari — statutory requirement of ten days' notice of public improvement not substantially complied with by giving eight days' notice — assessment void for defect in notice — confirmation of assessment reviewable by certiorari — charter provision authorizing board of estimate and apportionment to correct assessments not applicable to assessments for benefit — does not authorize appeal contemplated by Civil Practice Act, § 1286, subd. 2.**

1. The provision in section 282 of the charter of the city of New Rochelle (L. 1910, ch. 559) that notice of a proposed improvement, the expense of which is payable by local assessment, shall be published at least ten days before the time for filing objections, is not substantially complied with by publication of the notice eight days before and such a defect in the publication renders an assessment for the improvement void. The determination of the officials who confirmed the assessment may, therefore, be reviewed by certiorari.

2. Section 73 of the charter, authorizing the board of estimate and apportionment to cancel or correct erroneous or invalid assessments, does not apply to assessments for benefit nor does it authorize such an appeal as is contemplated by subdivision 2 of section 1286 of the Civil Practice Act, providing that a certiorari order cannot be granted " where the determination can be adequately reviewed by an appeal to a court or to some other body or officer."

*Matter of Seidl* v. *Zauner*, 221 App. Div. 774, reversed.

(Submitted November 21, 1927; decided January 10, 1928.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered

June 24, 1927, which confirmed on certiorari a determination of the commissioner of public works and other officers of the city of New Rochelle levying an assessment on property of petitioner for a street improvement.

*John P. Broomell* for appellant. The requirements of the city charter must be strictly observed, and any departure in substance from the formula prescribed by the Legislature vitiates the assessment. (*Hopkins* v. *Mason*, 42 How. Pr. 115; *Newell* v. *Wheeler*, 48 N. Y. 486; *Merritt* v. *Village of Port Chester*, 71 N. Y. 309; *Stebbins* v. *Kay*, 123 N. Y. 31.) The failure of the city clerk to publish the prescribed notice ten days before the expiration of the time for filing objections renders the assessment void. (*Stuart* v. *Palmer*, 74 N. Y. 183; *Matter of Douglas*, 46 N. Y. 42; *Matter of Astor*, 50 N. Y. 363; *Matter of Anderson*, 60 N. Y. 457; *Matter of Smith*, 52 N. Y. 526; *Matter of Bassford*, 50 N. Y. 509; *Matter of Little*, 60 N. Y. 343; *Matter of Pennie*, 108 N. Y. 364; *Tifft* v. *City of Buffalo*, 25 App. Div. 376; *Auditor* v. *Calkins*, 136 Mich. 1.)

*Charles A. Van Auken* for respondent. While any departure in substance from the formula prescribed by the charter vitiates an assessment nevertheless every non-compliance does not render an assessment void. The non-compliances in this case are not substantial and, therefore, they do not render the assessment void. (*People ex rel. De Frece* v. *Lathers*, 141 App. Div. 16.) The petitioner cannot resort to an order of certiorari to review an assessment which he contends is wholly illegal and void. (*People ex rel. Marsh* v. *Delaney*, 49 N. Y. 655.)

O'BRIEN, J. Appellant is the owner of real property on Stonelea place in New Rochelle. The council of that city adopted a resolution declaring its intention to construct a gutter in front of his property and directed the city clerk to advertise the proposed improvement, specifying June 1, 1926, as the time within which objections

might be filed. On May 24, 1926, the clerk caused to be published a notice of a hearing to be held by the council on June 1, 1926, at which objections to the intended improvement would be considered. Objections, if presented on that date, were overruled. Construction of the improvement was authorized and completed and the cost assessed against appellant and other property owners. They protested against the levy and confirmation of the assessment and now review it by certiorari.

A jurisdictional defect in the publication of the notice of hearing renders the assessment void. Section 282 of the New Rochelle charter (L. 1910, ch. 559) provides that notice of a proposed improvement, the expense of which is payable by local assessment, shall be published at least ten days before the expiration of the time for filing objections. This provision was violated by the publication on May 24 when the time for filing objections expired on June 1. An eight-day notice does not constitute a substantial compliance with a statute requiring at least ten days. (*Merritt* v. *Village of Portchester*, 71 N. Y. 309; *Stebbins* v. *Kay*, 123 N. Y. 31; *People ex rel. O'Reilly* v. *Common Council*, 189 N. Y. 66, 74; *People ex rel. Empie* v. *Smith*, 216 N. Y. 95, 100.)

Since the assessment is void for want of jurisdiction, the determination of the officials who confirmed it may be reviewed by certiorari. (Section 1304, subd. 2, Civ. Practice Act; *Mercantile National Bank* v. *Mayor, etc., of N. Y.*, 172 N. Y. 35; *People ex rel. Erie R. R. Co.* v. *Tax Comm.*, 246 N. Y. 322.) Section 73 of the charter does not apply to assessments for benefit nor does it authorize such an appeal as is contemplated by section 1286, subdivision 2, Civil Practice Act.

The order of the Appellate Division should be reversed and the determination annulled, with costs in all courts.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and KELLOGG, JJ., concur.

Ordered accordingly.