LYNBROOK GARDENS, INC., Appellant and Respondent, *v.* BERNARD
C. ULLMANN, Respondent and Appellant.

Argued May 18, 1943; decided December 8, 1943.

*C. O. Donahue, George Xanthaky, Arnold Frye* and *Raphael W. Alpher* for plaintiff, appellant and respondent, and for certain counties, cities, villages and a town, *amici curiae.* The provisions of the statute (Tax Law, art. 7-A, tit. 3), which cut off the rights of one who receives no actual notice, constitute due process of law. (*Hassall* v. *Willcox,* 130 U. S. 493; *Murray's Lessee* v. *Hoboken Land & Improvement Co.,* 18 How. 272; *Winona & St. Peter Land Co.* v. *Minnesota,* 159 U. S. 526; *Wheeler* v. *Scully,* 50 N. Y. 667; *Leigh* v. *Green,* 193 U. S. 79; *Campbell* v. *Evans,* 45 N. Y. 356; *City of New York* v. *Wright,* 243 N. Y. 80; *Bolles* v. *Duff,* 43 N. Y. 469.) The result is the same even though the taxes on which the *in rem* proceeding was based have actually been paid. (Tax Law, § 165, 165-h, subds. 5, 6; *Bryan* v. *McGurk,* 200 N. Y. 332.)

*John E. Gaffney* and *J. Walter Augar* for defendant, respondent and appellant. Title 3 of article 7-A of the Tax Law is unconstitutional and violates the provisions of sections 1 and 6 of article I of the State Constitution, section 1 of the Fourteenth Amendment of the Federal Constitution in that said statute attempts to deprive persons of their property without due process of law. The statute is unconstitutional in that it fails to give to the owner of the property with reasonable certainty, proper and due notice that the tax liens against the same are to be foreclosed. (*Ives* v. *South Buffalo Ry. Co.,* 201 N. Y. 271; *Douglass* v. *Phenix Ins. Co.,* 138 N. Y. 209; *People* v. *Adirondack Ry. Co.,* 176 U. S. 335; *Matter of Smith,* 175 Misc. 668; *Matter of Galvin,* 153 Misc. 11.) The statute fails to safeguard the vested property rights of infants or incompetents who under

the law are not capable of protecting themselves. (*Alderman* v. *Tirrell*, 8 Johns 418; *Larkin* v. *Mann*, 2 Paige 27; *Fox* v. *Fee*, 24 App. Div. 314.) The statute fails to provide for public sale of property against which the tax liens have been foreclosed and the distribution of surplus moneys to the owner of said property. The statute provides that an action may lie where it shall *appear* that a tax district owns a tax lien which has been due and unpaid for a period of at least four years without regard to whether or not a valid tax lien actually exists.

*Eugene R. Hurley* for Anne M. Lynch, *amicus curiae.* The taxes having been paid for the foreclosure of which the village took proceedings under article 7-A, such proceedings were unauthorized and void, and the title of the plaintiff derived therefrom is equally void. (*Levy* v. *Newman*, 130 N. Y. 11; *Roseth Realty Co.* v. *Brighton & B. El. R. R Co.*, 228 App. Div. 390; *Lennon* v. *Mayor*, 55 N. Y. 361; *Bryan* v. *McGurk*, 200 N. Y. 332; *People ex rel Cooper* v. *Registrar*, 114 N. Y. 19; *Van Benthuysen* v. *Sawyer*, 36 N. Y 150; *Wallace* v. *McEchron*, 176 N. Y. 424.) When an "*in rem*" proceeding is authorized by statute, the jurisdiction over the subject matter is limited by the statute. The court in a proceeding under article 7-A of the Tax Law has jurisdiction only over properties on which taxes have been unpaid for at least four years. Where there are, in fact, no unpaid taxes, its proceedings are a nullity. (*Wallace* v. *International Paper Co.*, 53 App. Div. 41; *Risley* v. *Phenix Bank*, 83 N. Y. 318; *O'Donoghue* v. *Boies*, 159 N. Y. 87.) The former owners are not estopped by a void judgment from showing that the taxes were paid, nor are they estopped by a statute of limitations, since the statute contains none. (*Risley* v. *Phenix Bank*, 83 N. Y. 318; *Fleming* v. *Burnham*, 100 N. Y. 1.) Where there is a possibility of a law suit, a court should not decree specific performance of a contract. (*Heller* v. *Cohen*, 154 N. Y. 299; *Fleming* v. *Burnham*, 100 N. Y. 1.)

LEHMAN, Ch. J. In 1941 Arthur J. Moore, as Treasurer and Collecting Officer of the Village of Lynbrook executed and delivered to the plaintiff a deed of parcels of land shown on the tax map of the incorporated Village of Lynbrook. Prior thereto the Village of Lynbrook had obtained a judgment in proceedings brought for the foreclosure of tax liens upon these parcels

in accordance with the provisions of title 3 of article 7-A of the Tax Law of the State of New York entitled " FORECLOSURE OF THE TAX LIEN BY ACTION IN REM ". Thereafter the plaintiff, Lynbrook Gardens, Inc., and the defendant Ullman entered into contracts for the sale and purchase of two of the parcels of land which had been conveyed to the plaintiff. The price fixed for one parcel was $125 and the price fixed for the other parcel was fifty dollars. At the time set for closing, Lynbrook Gardens, Inc., tendered deeds for the two parcels it had sold to the defendant. The purchaser refused to accept title on the ground that the tax law which authorizes proceedings *in rem* for the enforcement of the tax lien is unconstitutional. A judgment of foreclosure rendered in accordance with the provisions of the tax law without personal service of process would, it is said, deprive the owner of his property without due process of law in violation of provisions of the Constitutions of the State of New York and of the United States.

The plaintiff brought this action against the defendant to compel specific performance of the defendant's contract to purchase the land. Concededly the action for specific performance has been brought for the purpose of testing the validity of title 3 of article 7-A of the Tax Law. Indeed, the contract of sale was formulated in manner intended to facilitate the prosecution of an action to test the constitutionality of the statute. The courts below have held that a judgment of foreclosure rendered without personal service of process in the proceedings *in rem* against property upon which taxes were in default did not deprive the delinquent taxpayer of his property without due process of law, but that a judgment *in rem* for the foreclosure of a tax lien on which taxes had in fact been paid but which had been erroneously included " on the list of delinquent taxes " would violate the provisions of the Constitution.

We have come to the conclusion that the validity of the provision of the statute cannot properly be determined in this action. We might, perhaps, assume that the defendant entered into the contract to purchase the two parcels of land because he desired in good faith to acquire the property, and that he is defending the action in order that he may not be compelled to pay even the small purchase price for a title to the prop-

erty which is unmarketable. Otherwise there would be no real controversy between the parties upon which the court may properly express an opinion. (*Lord* v. *Veazie,* 49 U. S. 251; *United States* v. *Hamburg-American Co.,* 239 U. S. 466; *United States* v. *Johnson,* 319 U. S. 302.) Upon that assumption the ultimate question which, under the pleadings, the court may be called upon to decide is whether the title tendered by the plaintiff is marketable. A court may decree specific performance of the contract of purchase only if the deed which the purchaser would be compelled to accept transfers a title which cannot thereafter be challenged on substantial grounds. (*Abbott* v. *James,* 111 N. Y. 673.) At the time when the deed is tendered questions of law which have not yet been judicially determined by the courts may cast a shadow of doubt upon the title; the shadow is removed when a court which can authoritatively decide those questions of law has spoken. A decree of specific performance does not compel a purchaser to accept a doubtful title where the decree itself constitutes an authoritative determination of the questions of law which until that time were not free from doubt. (See Pomeroy on Specific Performance, 3d ed., 1926, § 202 *et seq.,* and cases there cited. *Forster* v. *Scott* 136 N. Y. 577.) In this case, however, the courts of this State cannot authoritatively determine the questions of law which create serious doubt as to the validity of the statute by virtue of which the seller has acquired title and no decree of specific performance can give to the buyer assurance that the title transferred to him will not be successfully challenged thereafter.

The question of the validity of the statute has been challenged on substantial grounds. This court can authoritatively determine whether or not the statute violates the provisions of the Constitution of the State of New York; only the Supreme Court of the United States can ultimately determine whether the statute violates the provisions of the Constitution of the United States. Even though this court were to sustain the validity of the statute, the Supreme Court of the United States might still reach a different conclusion. A subsequent purchaser could at any time reject title on that ground and litigate that question in a different forum. A title which can be challenged in that manner is not marketable and decree of specific performance may not be rendered under such circumstances.

The judgments should be reversed and the complaint dismissed, without costs.

DESMOND, J. (dissenting). This suit for specific performance of a land contract directly presents a question as to the constitutionality of title 3 of article 7-A of the Tax Law, which title contains a statutory scheme, of state-wide (optional) application, for simplified tax foreclosures. Both courts below have passed on that constitutional question and the parties, as well as thirty-three counties, towns, cities and villages which join in a brief here as *amici curiae,* argue in this court that constitutional question, and no other. This court is about to dismiss the suit and leave that constitutional question unanswered, on the ground that, even if we held the statute constitutionally valid, its validity under the *Federal* Constitution would not be finally and forever disposed of by any decision of ours so holding, but might hereafter, in this or some other lawsuit, be denied by the United States Supreme Court.

The courts do not have unlimited discretion as to granting or withholding the remedy of specific performance but only a " judicial discretion " (*Willard* v. *Tayloe,* 8 Wall. 557, 567; 4 Pomeroy on Equity Jurisprudence, 5th ed., § 1404). If a vendor-plaintiff proves a marketable title, he is entitled to the remedy, unless a decree of specific performance would inflict " undue hardship " on defendant-vendee. (*Day* v. *Hunt,* 112 N. Y. 191, 195.) Specific performance, so far as I can discover, is denied on the ground of "undue hardship " to the vendee, because of an actual or possible defect in title, only in situations where the defect is incurable except by parole evidence not presented to the court in the specific performance case and which evidence is presently unavailable or may be unavailable if and when the vendee's title is questioned in a later litigation. (See *Ferry* v. *Sampson,* 112 N. Y. 415, 418; *Toole* v. *Toole,* 112 N. Y. 333; *McPherson* v. *Schade,* 149 N. Y. 16, 18, 21; *Heller* v. *Cohen,* 154 N. Y. 299; *Dyker Meadow Land & Improvement Co.* v. *Cook,* 159 N. Y. 6; *Cerf* v. *Diener,* 210 N. Y. 156, 161.) The rule that a vendee will not be forced to take a doubtful title " assumes ", according to 4 Pomeroy's Equity Jurisprudence, 5th ed., p. 1045, " that the question whether the vendor's title is valid or imperfect is not definitely decided by the court ". In other

words, the doubt must be in the case not only by assertion of the vendee but must remain there after the court has tried the case on the proofs submitted to it. The authorities which say that a court should not force a defendant to " buy a lawsuit ", refer to a *future* lawsuit involving questions of *fact* which cannot be decided in the *present* lawsuit, which " require farther elucidation " leaving the title " not yet sufficiently ascertained " (*Seymour* v. *DeLancey*, 1 Hopk. Ch. 436, 449, 450). Here determination of marketability involves a pure question of law, a pronouncement on which is within the powers and ordinary functions of this court. The charge here by the vendee of an alleged defect in the vendor's title is based on the vendee's sole assertion, not on any decision, that the Federal and State Constitutions are violated by a statute of this State which is not unconstitutional on its face and which is of course ent*i*tled to the usual strong presumption of constitutionality. In *Anderson* v. *Steinway & Sons* (178 App. Div. 507, affd. 221 N. Y. 639), the courts held that a vendor could not enforce specific performance when, to make his title good, he had to prove that a statute was *unconstitutional*. The rule should work both ways. As this case turns out, the vendee has been able by a mere assertion of unconstitutionality not only to escape his obligations in this action but also, as a practical matter, to leave the vendor without any remedy at all.

It is of course true that a decision by us that this statute is valid would not serve as an insurance policy to save this defendant harmless as against a future declaration to the contrary by the United States Supreme Court. But that possibility of future harm from such an overriding decision is a possibility only. We are asked by plaintiff to enforce a contract and if defendant has been tendered such a title as he contracted for, he should be made to take the deed. I cannot believe that these parties, the very words of whose contract recognized the existence of this very question of validity of the statute, intended that defendant's obligation to complete his purchase should never mature unless and until the United States Supreme Court put upon this statute its certificate of constitutionality. If there is hardship in taking a title lacking such a certificate, it is hardship not unforeseen by the parties.

It would not do under these circumstances for a single judge of this court to state his views as to that question of constitutionality, so I content myself with dissenting on the ground that this court should determine the question, in this case.

LOUGHRAN, RIPPEY, LEWIS and CONWAY, JJ., concur with LEHMAN, Ch. J., THACHER J., concurs in result, DESMOND, J., dissents in opinion.

Judgments reversed, etc.