CITY OF NEW ROCHELLE, Plaintiff, *v.* ECHO BAY WATERFRONT CORPORATION, Defendant.

County Court, Westchester County, December 30, 1943.

*Aaron Simmons, Corporation Counsel (Francis Claps* of counsel), for plaintiff.

*Albert Ritchie* for defendant.

Coyne, J.  The plaintiff, City of New Rochelle, moves for summary judgment in an action in rem brought for the summary foreclosure (Tax Law, art. VII-A, tit. 3, § 165 *et seq.*) of certain tax liens.  The matter has previously been before the court in various forms.  On the last occasion the court directed the Echo Bay Waterfront Corporation to state separately and number its alleged affirmative defenses.  The amended answer now contains thirteen separate and distinct affirmative defenses.  The first affirmative defense is simply a conclusion of law that the list or complaint fails to state facts sufficient to constitute a cause of action.  The " Third " through " Twelfth " defenses allege that the action or proceeding violates the Constitution of the United States and the Constitution of the State of New York.  The statute is favored by the presumption of constitutionality, and is supported by judicial pronouncement.  (*City of Utica* v. *Proite,* 178 Misc. 925, affd. 288 N. Y. 477; *City of New Rochelle* v. *Seacord,* 264 App. Div. 882, mod. 291 N. Y. 622; but, also, see *Lynbrook Gardens, Inc.,* v. *Ullmann,* 291 N. Y. 472.)  A court of limited or inferior jurisdiction is justified in overriding acts of the Legislature only in the clearest cases.  (*People* v. *Brennan,* 142 Misc. 225, 226.)  The tendency is to leave such questions to appellate tribunals (16 C. J. S., Constitutional Law, § 93, subd. b).  However, for the purpose of making a disposition of this phase of the motion, I hold the statute to be constitutional.

The " Thirteenth " defense alleges that the notice of sale was not properly posted in accordance with the requirements of the Tax Law.  The affidavit of Francis S. Claps sets forth in detail the time and places of such posting and, in my opinion, the procedure pursued was in conformity with the requirements of the statute.

Thus, there remains only the " Second " affirmative defense. This defense is deserving of serious consideration.  It alleges

in substance that the provisions of title 3 of article VII-A of the Tax Law were never lawfully adopted by the City of New Rochelle. The Tax Law (§ 162) merely required the adoption of a resolution by the local legislative body of the tax district exercising the election to assume its summary provisions. The method and manner of enacting ordinances or resolutions may be prescribed by the Legislature, or may be controlled by the municipal charter (2 McQuillin on Municipal Corporations [2d ed. Rev.] p. 747). In the absence of a prescribed procedure in the statute (Tax Law, art. VII-A, tit. 3), the procedure for the adoption of the resolution here under consideration was controlled by the Charter of the City of New Rochelle (Local Laws, 1932, No. 1 of City of New Rochelle).

Section 162 of the Tax Law, insofar as it is applicable to the instant controversy, provides: "1. Notwithstanding the provisions of any general, special or local law, any tax district may elect either title two or title three of this article, or both. Such election shall be evidenced by a resolution to such effect in substantially the following form: *  *  *."

The pertinent portion of section 17 of the Charter of the City of New Rochelle (Local Laws, 1932, No. 1 of City of New Rochelle) reads as follows: " Ordinances making the annual tax levy, appropriation ordinances, ordinances and resolutions pertaining to local improvements and assessments, ordinances and resolutions providing for or directing any investigation of city affairs, resolutions requiring information from administrative officers or directing administrative action and emergency measures, shall take effect at the time indicated therein. All other ordinances and resolutions passed by the council shall take effect at the time indicated therein, but not less than thirty days from the date of their passage."

Section 18 of said Charter provides: " Upon its final passage each ordinance or resolution shall be authenticated by the signatures of the mayor and the city clerk and shall be recorded in a book kept for that purpose. Within ten days after the final passage each ordinance or resolution shall be published in such manner as the council may determine."

On November 20, 1939, the Council of the City of New Rochelle passed the following resolution:

" No. 289

" RESOLUTION ADOPTING TITLES TWO AND THREE OF ARTICLE 7A OF THE TAX LAW IN RELATION TO THE ENFORCEMENT OF DELINQUENT TAXES.

BE IT RESOLVED, that pursuant to Section 162 of the Tax Law of the State of New York that from and after November 21st, 1939, the City of New Rochelle elects to adopt the provisions of Titles Two and Three of Article 7A of the Tax Law of the State of New York for the purpose of enforcing the collection of delinquent taxes in the City of New Rochelle and be it further

RESOLVED, that this resolution shall take effect immediately. °

Authenticated and certified
this 20th day of Nov., 1939

HARRY SCOTT, Mayor
CHARLES U. COMBES,
City Clerk ''

It is not necessary to pass upon the question of whether the resolution adopted was of an administrative character which under the provisions of section 17 could be made effective immediately. Such a finding is immaterial since this proceeding was not commenced until over a year after the passage of the resolution. Even granting that the resolution was not of a type specifically mentioned in section 17 (which could be made effective immediately), that fact would not invalidate the resolution, but would merely postpone its taking effect until a period of thirty days had elapsed. This period had passed long prior to the institution of the present proceeding.

On the issue of publication, the principle was enunciated in *Cherubino* v. *Meenan* (253 N. Y. 462, 467): '' In the absence, however, of a statutory or charter provision directing that ordinances be published before they take effect, no publication is necessary ''. There is no express provision in section 18 of the Charter that publication shall be a prerequisite to the passage of the resolution; nor may such construction be assumed by implication. The provision for publication contained in this section is at most directory, and not mandatory (2 Dillon on Municipal Corporations [5th ed.] § 603; 2 McQuillin on Municipal Corporations [2d ed. Rev.] p. 810; *Cherubino* v. *Meenan, supra; Elmdorf, &c.* v. *Mayor, &c. of New-York,* 25 Wend. 693, 695). In my opinion, the statute was lawfully and validly adopted by plaintiff and the provisions thereof were in effect at the time of the institution of the present proceeding.

With respect to the contention set forth in defendant's reply brief that judicial notice cannot be taken of municipal ordinances and resolutions, citing *Porter* v. *Waring* (69 N. Y. 250, 254), it might be observed that the law is a changing science as is demonstrated by section 344-a of the Civil Practice Act, effec-

tive September 1, 1943. Under this new section, any trial or appellate court, in its discretion, may take judicial notice of " 3. An ordinance, resolution, by-law, rule or proceeding of the appropriate governing body of any city, county, town or village within this state."

There being no triable issue of fact, plaintiff's motion to strike out the defendant's answer and for summary judgment in its favor is granted. Submit order.