DELAVAN HOME AND LAND COMPANY, INC., Plaintiff, *v.* COUNTY OF ERIE et al., Defendants.

Supreme Court, Special Term, Erie County, March 19, 1945.

*Ralph A. Lehr, County Attorney* (*Maurice J. Rumizen* of counsel), for County of Erie, defendant.

*Joseph A. Wechter* for plaintiff.

PIPER, J. A motion has been made by the defendant County of Erie, hereinafter referred to as " county ", for an order dismissing the complaint on the ground that it does not state facts sufficient to constitute a cause of action and for a judgment on the counterclaim of the county granting the relief herein demanded.

The action was brought by the plaintiff for a declaratory judgment determining the legal rights and liabilities of the

respective parties. The defendants Meyer and John G. Sattler, Inc., have appeared but have served no answer. The county answered and counterclaimed for specific performance of a contract of sale of property, being certain subdivision lots it had acquired in an in rem tax foreclosure proceeding and sale pursuant to the Erie County Tax Act (L. 1942, ch. 812, as amd. by L. 1943, ch. 562, and L. 1944, ch. 789), which lots it has contracted to sell to the plaintiff.

Plaintiff sets forth in its complaint that a contract was entered into by the plaintiff and the county by which plaintiff agreed to purchase the real property in question for the sum of $2,000; that it paid $100 down and received a title search of the premises; that an examination of the title revealed that the county acquired " color of title " to premises by referee's deed in a foreclosure proceeding pursuant to the in rem provisions of the Erie County Tax Act; that said law is unconstitutional and that the referee's deed is a nullity; that prior to the delivery of said referee's deed, the defendant Meyer was the record owner of the premises and the defendant John G. Sattler, Inc., was the holder of a mortgage on the premises in question; that plaintiff is ready to complete its contract with the county and accept a deed if such deed will vest in the plaintiff a good and marketable title to said premises; plaintiff further sets forth it has no adequate remedy at law and asks for judgment determining the rights of the parties and declaring that the in rem provisions of the Erie County Tax Act are in violation of article I of the Constitution of the State of New York and of the Fourteenth Amendment to the Constitution of the United States; that the proceedings for the foreclosure of the tax liens under the in rem action were not binding upon the defendants Howard L. Meyer and John G. Sattler, Inc.; that the referee's deed is null and void; that the county was not vested with a good and marketable title; that the deposit made by the plaintiff be returned to it and that it be relieved from any and all liability under the contract.

The county in its answer and counterclaim sets forth the various steps taken in the foreclosure proceeding which terminated on August 17, 1944, with a judicial sale after notice of sale had been published once a week for three successive weeks as provided in the statute, and a referee's deed to the county dated September 15, 1944. It further alleges that it has a good and marketable title to the premises; that on December 1, 1944, it tendered a deed to plaintiff and demanded the balance of the purchase price of $1,900 but that plaintiff refused to accept the

deed; the county demands judgment declaring that article XI of the Erie County Tax Act is in all respects valid and constitutional and does not violate the provisions of the Constitution of the State of New York or of the United States; that the county is seized of a good and marketable title to the premises and that specific performance of the contract be decreed.

Plaintiff's reply denies the allegations in paragraph eighth of the counterclaim that the filing of the list of tax delinquents in the county clerk's office gave the same notice as a filing of notice of pendency of tax foreclosure action against each of the owners of real property described in the list.

It further alleges no address appeared on the records of the County Treasurer for the defendant Meyer and that neither the name nor the address of the defendant John G. Sattler, Inc., appeared thereon and denies that those defendants had any legal notice, actual or constructive, of such foreclosure proceeding. It also denies that on December 1, 1944, the county had a good and marketable title to the premises and asks for judgment dismissing the counterclaim and for the relief demanded in the complaint.

Plaintiff's attorney in his brief and on oral argument admits that if the court finds that the act is constitutional and so declares, then a declaratory judgment in favor of the county logically follows and in that event defendant county should have a judgment against the plaintiff for the relief demanded in the counterclaim.

The statute in question is article XI of the Erie County Tax Act (L. 1942, ch. 812, as amd. by L. 1943, ch. 562 and L. 1944, ch. 789). This act is similar to article VII-A of the State Tax Law, which provides for foreclosure of tax liens by proceedings in rem. Two striking differences in the acts are: Article VII-A permits the proceeding to be commenced if the tax is unpaid for a period of four years; the Erie County Act may only be invoked when the tax is unpaid for a period of five years after the tax sale which means nearly five years and eleven months after the date the tax became a lien.

Article VII-A provides that upon default in redemption or answer the municipality receives a deed without further process; the county act requires a judgment and a judicial sale after publication of notice of sale for three weeks. Under this procedure it is possible that the sale may result in surplus money which becomes the property of the delinquent taxpayer. It also serves as additional notice to the delinquent. It is an additional safeguard to the property owner.

Plaintiff's sole contention is that the county act is in violation of sections 1 and 6 of article I of the Constitution of the State of New York and that it is also in violation of the Fourteenth Amendment to the Constitution of the United States in that it permits the county to take property without due process of law. It says that no actual notice of this in rem proceeding was given to the defendants Meyer and John G. Sattler, Inc., and·that their constitutional rights have been violated.

Plaintiff presents the same claims of lack of due process as were presented by the defendant in the case of *City of Utica* v. *Proite* (178 Misc. 925) in which the in rem provisions of the State Tax Law were attacked. Except for the differences noted above, the provisions of the two acts are nearly identical and it is not necessary here to set forth the procedure of the Erie County Act. As the county act contains additional safeguards for the property owner, it may be safely said that if the State act does not violate the due process provisions of the Constitution of the State of New York and the Constitution of the United States, then the county act is not unconstitutional. In the *Utica* case (*supra*), Mr. Justice MOREHOUSE held that the city had acquired good title in the in rem foreclosure proceeding and directed specific performance of the contract. The judgment was affirmed without opinion by the Court of Appeals (288 N. Y. 477), March 19, 1942.

The same article of the Tax Law came before the Court of Appeals in 1943 in the case of *Lynbrook Gardens, Inc.,* v. *Ullmann* (291 N. Y. 472). The decision in that case left a doubt as to the constitutionality of the in rem provisions of the Tax Law.

The question of the constitutionality of the statute again came before that court in the case of *City of New Rochelle* v. *Echo Bay Water Front Corp.* (294 N. Y. 678) on appeal from the decision of the Appellate Division, Second Department. On March 1, 1945, the Court of Appeals affirmed without opinion the judgment of the Westchester County Court (182 Misc. 176) which had been affirmed by the Appellate Division (268 App. Div. 182). In the *Lynbrook Gardens* case (*supra*) the court refused to decree specific performance for the following reasons (p. 477): '' The question of the validity of the statute has been challenged on substantial grounds. This court can authoritatively determine whether or not the statute violates the provisions of the Constitution of the State of New York; only the Supreme Court of the United States can ultimately determine whether the statute violates the provisions of the

Constitution of the United States. Even though this court were to sustain the validity of the statute, the Supreme Court of the United States might still reach a different conclusion. A subsequent purchaser could at any time reject title on that ground and litigate that question in a different forum. A title which can be challenged in that manner is not marketable and decree of specific performance may not be rendered under such circumstances."

In that action the delinquent property owner was not a party to the action and the contract under which the action was brought for specific performance contained a provision that title would be accepted provided it would be good against all interested notwithstanding that all taxes on which the action in rem was based had been duly paid prior to the institution of the action. In the instant case there is no claim that the taxes were not delinquent and all parties are before the court.

In the *City of New Rochelle* case (*supra*) cited above, Mr. Justice HAGARTY reviews the decisions of the United States Supreme Court and our own Court of Appeals at length and it would be useless to cite them here. The law seems to be settled that if the statute provides for a hearing on the original assessment indirect notice is sufficient to the owners of property which is in default in the payment of taxes. Such a hearing or " grievance day " is required under the Erie County Law. The property owner is presumed to know that taxes will be levied on his lands and if they are unpaid proceedings to sell the tax liens will be taken and that failure to redeem will result in a foreclosure or forfeiture. Here a judicial sale was held which provided additional notice to the delinquent. The mortgagee is also charged with knowledge of the Tax Law and the proceedings that may result in the loss of his security if the taxes are in default.

The statute in question is not violative of the constitutional provisions requiring due process. The complaint must be dismissed and the defendant county is entitled to judgment on its counterclaim. Submit order accordingly.