ARMSTRONG, Appellant v HELLWIG, Respondent

(18 N. W.2d 284.)

(File No. 8739.   Opinion filed April 16, 1945.)

C. A. Christopherson, Jr., and James O. Berdahl, both of Sioux Falls, for Appellant.

Jones, Matthews & Fitzpatrick, and E. G. Jones, all of Sioux Falls, for Respondent.

SMITH, P. J.   In this action plaintiff sought strict foreclosure of a contract for deed under SDC 37.31.   The defenant interposed an answer and a counterclaim.   By way of defense, the answer alleged that the plaintiff failed to tender an abstract showing merchantable title.   The counterclaim sought specific performance.   The court entered judgment for defendant dismissing the complaint, and awarding specific performance with a deduction of $150 from the agreed purchase price as the estimated cost of an action to quiet the title.   Plaintiff has appealed.

The controversy is over the effect of a deed in plaintiff's chain of title.   Defendant's counsel rejected the title on the theory that the grantees in this deed acquired title as tenants in common rather than as joint tenants.

The real property in question was conveyed to a husband and wife by the above mentioned deed. Thereafter the husband died. In proceedings subsequently conducted under SDC 37.12 a judgment was entered terminating the purported life estate of the husband. Plaintiff's title rests upon a deed from the surviving wife. By contract for deed, plaintiff sold the property to defendant and agreed to furnish an abstract showing merchantable title in himself as vendor. The abstract so furnished described the questioned "warranty deed" to "Arthur Welbourne and Elizabeth Ann Welbourne, husband and wife" containing words as follows: "This conveyance is to the grantees herein named and the survivor of them in his or her own right." As indicated, defendant rejected the title and this litigation resulted. The trial court concluded that the "title is not free from reasonable doubt and is not merchantable." Nevertheless the court granted defendant's prayer for specific performance.

The opinion of counsel for defendant, rejecting the title, was predicated upon our statutes and the decision of this court In re Lower's Estate, 48 S. D. 173, 203 N. W. 312.

The pertinent statutes read as follows:

"The ownership of property by several persons is either: (1) Of joint interests; (2) Of partnership interest; or (3) Of interests in common." SDC 51.0211.

"A joint interest is one owned by several persons in equal shares, by a title created by a single will or transfer, when expressly declared in the will or transfer, to be a joint tenancy, or when granted or devised to executors or trustees as joint tenants." SDC 51.0212.

"A partnership interest is one owned by several persons, in partnership, for partnership purposes." SDC 51.0213.

"An interest in common is one owned by several persons not in joint ownership or partnership.

"Every interest created in favor of several persons in their own right is an interest in common, unless acquired by them in partnership, for partnership purposes, or unless declared in its creation to be a joint interest, as provided in the section defining joint interest." SDC 51.0214.

The contention of defendant is that under these statutes and the case of In re Lower's Estate, supra, the only way

one can declare a joint tenancy is to call it that. It is asserted that a conveyance which describes all of the attributes of a joint tenancy will be ineffective to create such a cotenancy without the use of the words "as joint tenants."

At the early common law the general rule was that a transfer of an estate to two or more grantees, in the absence of an expressed intention to sever the interests, was deemed to create a joint tenancy rather than a tenancy in common. The law favored joint tenancy rather than tenancy in common, because the latter estate tended to split up feudal services and hence to disorganize the feudal military system. Ann. Cas. 1917B, 57 at 58. Statutes phrased in terms similar to SDC 51.0212 and 51.0214 have been enacted in many of the states of the Union. They were enacted for the purpose of reversing the above described common law rule of constructional preference. 14 Am. Jur. 85. See Restatement, Property, Parts 3 and 4, p. 1445.

According to the overwhelming weight of authority, interpreting like statutes; an intention to create a joint tenancy may be expressly declared without employing those particular words. Overheiser v. Lackey, 207 N. Y. 229, 100 N. E. 738, Ann. Cas. 1914C, 229; Gaunt v. Stevens, 241 Ill. 542, 89 N. E. 812; Coudert v. Earl, 45 N. J. Eq. 654, 18 A. 220; Murray v. Kator et al., 221 Mich. 101, 190 N. W. 667; Weber v. Nedin, 210 Wis. 39, 242 N. W. 487, 246 N. W. 307; Manning v. United States Nat. Bank of Portland Or., 148 P. 2d 255, 153 A. L. R. 922; Mitchell v. Frederick, 166 Md. 42, 170 A. 733, 92 A. L. R. 1412; Kemp v. Sutton, 233 Mich. 249, 206 N. W. 366; 2 Tiffany, Real Property (3d Ed.) § 424; 14 Am. Jur. 85. The accepted meaning of these statutes is clearly stated by the Maryland court as follows:

"Under statutory provisions that plural tenancies shall be construed as tenancies in common rather than joint tenancies, unless stated to be joint tenancies * * *, the question of sufficiency of expressions of intention that there shall be rights of survivorship has frequently arisen, and has commonly been deduced from words other than the most direct. 'The requirement is only one of clear manifastation of intention, not one of particular words.'" Mitchell v. Frederick, supra, [166 Md. 42, 170 A. 736].

The case of In re Lower's Estate, supra, in our opinion, cannot resonably be understood to pronounce a different rule. In holding that the words "payable to the order of himself or Mrs. W. H. Lower" [48 S. D. 173, 203 N. W. 313], contained in certain certificates of deposit were insufficient to express an intention to create a joint tenancy, the writer of that opinion but employed the words of the statute in saying "there is nothing in the transfer of the property, * * * expressly declaring the same to be a joint tenancy, and in the absence of such an express declaration in the transfer, * * * it would only be an interest in common with her husband in the certificates, and the right of survivorship could not exist." The case holds "that a joint interest must be created in the manner required by statute."

█ We concur in the construction adopted by the cited authorities and hold that the requirements of the quoted statutes are satisfied by any form of words which clearly express or declare an intention to create a joint tenancy.

█ The deed is not before us. The abstract describes a single conveyance creating a plural tenancy, which expressly declares that conveyance to be "to the grantees * * * and the survivor of them in his or her own right." That the grantor intended to impart the quality of survivorship to the tenancy so conveyed is expressed in unequivocal terms. It follows that the intention to create a joint tenancy is clearly expressed or declared by the deed as a whole. "The quality of survivorship is the distinguishing feature of a joint tenancy, * * *." Mustain v. Gardner, 203 Ill. 284, 67 N. E. 779. Joint tenancy is the only estate known to our law which has that quality. See Weber v. Nedin, supra.

Sensing that this court might hold the title to be good, defendant asserts that the uncertainties with which she was confronted were such as to create a reasonable doubt and thus render the title unmarketable. Therefore, she states that the judgment below should be affirmed.

██ The doubt which assailed the minds of the court and counsel was with reference to a matter upon which the courts have differed. See State ex rel. Ashauer et al. v. Hostetter et al., 344 Mo. 665, 127 S. W.2d 697. Therefore, it

would be illogical to characterize that doubt as unreasonable. However, because that doubt was with reference to a question of law which this opinion resolves, its character is not of decisive significance. In holding the title good, we have settled the law. The title is thus freed from all reasonable doubt and must be accepted by defendant at the price fixed by the contract. The applicable rule is stated in 4 Williston, Contracts, Rev. Ed., § 923C, as follows:

"Where the marketability depends on a rule of law, it is not necessary that all persons interested shall be parties to the litigation. The determination by the final appellate court in any suit establishing the correct rule may settle the law, and if under that rule the title is marketable, specific performance may be granted. The possibility that, in a subsequent litigation between other parties, the court may lay down a different rule is too remote to prevent the title from being marketable." Pomeroy , Specific Performance, 3d Ed., § 202; Lynbrook Gardens v. Ullmann, 291 N. Y. 472, 53 N. E.2d 353, 152 A. L. R. 959; Ebling v. Dreyer, 149 N. Y. 460, 44 N. E. 155; Hill v. Levine, 252 Mass. 513, 147 N. E. 837.

In Lynbrook Gardens v. Ullmann, supra, it was written [291 N. Y. 472, 53 N. E.2d 354]:

"A decree of specific performance does not compel a purchaser to accept a doubtful title where the decree itself constitutes an authoritative determination of the questions of law which until that time were not free from doubt."

The cause is remanded, and the trial court is directed to enter modified findings, conclusions and judgment in harmony with this opinion. Costs will not be taxed in this court.

All the Judges concur.