Hagarty, Acting P. J.
Defendant, as vendee, has refused to accept delivery of a deed from plaintiff, which acquired title by default judgment entered the 20th day of September, 1946, in a summary tax lien foreclosure action instituted pursuant to article VII-A, title 3, of-the Tax Law. Section 165-b of the Tax Law provides for notice of pendency of such action of seven weeks from the date of first publication of notice required to be published at least once a week for six successive weeks in two newspapers, during which every person having any right, title or interest in an affected parcel may redeem it. In this case the last day for redemption fixed in the notice as published was July 15, 1946, a period of forty-seven days, or less than seven weeks, from the date of the first publication. A news item appearing in a local newspaper on the 16th day of July, 1946, to the effect that the Common Council of plaintiff had extended the time for redemption to September 1, 1946, obviously was without legal efficacy to cure the failure to comply, with the statute.
The statutory provision for notice is designed to protect property owners and is subject to strict construction. (Clason v. Baldwin, 152 N. Y. 204, 210; Lockwood v. Gehlert, 127 N. Y. 241, 248.) Compliance is a prerequisite to jurisdiction (Olds v. City of Jamestown, 280 N. Y. 281; Matter of Seidl v. Zauner, 247 N. Y. 17) and upon failure no title passes. (Westbrook v. Willey, 47 N. Y. 457, 459-460.)
*509 Attacks on the constitutionality of title 3 primarily have been based on the ground that the statute itself fails to prescribe sufficient notice. (City of New Rochelle v. Echo Bay Waterfront Corp., 268 App. Div. 182, affd. 294 N. Y. 678, certiorari denied 326 U. S. 720.) Its constitutionality, prior to authoritative determination, had been regarded with such uncertainty that it was held that title of a vendor derived as a result of such a foreclosure action was open to such serious challenge that he was not entitled to judgment of specific performance. (Lynbrook Gardens, Inc., v. Ullmann, 291 N. Y. 472.) A fortiori, title which rests on a judgment rendered "without jurisdiction is one upon which there has been “ cast a shadow o£ doubt ” and is unmarketable. (Lynbrook Gardens, Inc., v. Ullmann, supra, p. 477.) There is a serious possibility that, upon application of an interested party, a court will not uphold the contention of plaintiff that such party is precluded by his alleged default despite insufficient notice and, instead, "will follow authority which holds that a judgment made without jurisdiction is void, a nullity for all purposes, and does not estop even an assenting party. (Risley v. Phenix Bank of City of N. Y., 83 N. Y. 318; Matter of Will of Walker, 136 N. Y. 20, 29; McConnell v. Williams Steamship Co., Inc., 239 App. Div. 393, 395, affd. 265 N. Y. 594; Davidson v. Ream, 178 App. Div. 362.)
Judgment is directed for defendant, without costs.