Nathaniel T. Helman, J.
This is a motion by plaintiff for an order pursuant to CPLR 3212 striking defendant’s answer and granting summary judgment.
The action was originally commenced in the form of an article 78 proceeding. However, by order dated March 28,1972, plaintiff’s application was denied, but the proceeding was converted and permitted to continue as a plenary action.
In substance, plaintiff seeks a declaration nullifying a tax lien filed by defendant stemming from an assessment for work performed in constructing a new sidewalk fronting plaintiff’s premises.
Plaintiff contends that the city failed to notify her in accordance with section 230 of the New York City Charter that a Hew sidewalk should be installed or constructed and that, in any event, reconstruction of the sidewalk abutting her premises was unnecessary. As to plaintiff’s first contention, the question raised is whether the failure by the city to notify plaintiff to repair the sidewalk immediately abutting her premises renders the lien filed for reconstruction of said sidewalk invalid.
*62 There is no dispute that the defendant did not in fact serve a notice upon plaintiff in accordance with section 230 of the New York City Charter. Whether the afore-mentioned section provides for mandatory action by the defendant must be ascertained from the legislative intent. In this regard the entire act and surrounding circumstances must be examined, including the public policy to be promoted, as well as the results that would follow one or the other conclusion. (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, % 171; 56 N. Y. Jur., Statutes, § 14.) It has been written that “ The legal predicate directs that the legal .subject act in the manner prescribed by the legislature. It is the verb which directs or permits action or inaction.” (Sutherland, Statutory Construction, § 4928). “ The primary and most common use of the word may [is] the giving permission to perform the act referred to ” (Williams v. People, 24 N. Y. 405, 409).
Here, section 230 is entitled “ Duties and obligations of property owner with respect to sidewalks, fencing of vacant lots and filling of sunken lots.” ¡Subdivision a provides in pertinent part “ whenever such administration shall determine that a sidewalk should be installed and constructed * * * such administration may cause a notice to be served in the manner prescribed in subdivision c hereof upon the owners of any house ”. There is added, however, the significant language: “ Upon the owner’s failure to comply with any notice or order of such administration * * * such administration may perform such work or cause the same to he performed, the cost of which shall be due and payable and shall constitute a lien against the premises abutting on ¡such sidewalk ”. (Italics supplied.) The city contends that the option rests with the appropriate administrative body to give the abutting owner the opportunity to correct the defective condition, if there be any, of the sidewalk abutting his premises, and that lack of notice cannot serve to nullify a subsequent lien or assessment for the work done. To accept this interpretation, however, is to disregard that provision of the quoted paragraph which makes a failure by the owner to comply with a notice or order a condition precedent to the performance of the work.
The notice provisions of the charter require personal service dr registered mail notification to the owner, and the city has never contended that it notified plaintiff in accordance with the charter (§ 230). Our highest court has, held in reviewing a certiorari proceeding that “ a jurisdictional defect in the publication of the notice of hearing renders the assessment void.” *63 (Matter of Seidl v. Zauner, 247 N. Y. 17, 19). Essentially, the purpose of the notification requirement is to put the property owner on notice that a repair is required, and that on failure to act the city will undertake the repair at the property owner’s expense. Were it otherwise, the city could make indiscriminate sidewalk repairs and charge the cost to owners without providing them with the opportunity to engage their own contractors, or to dispute the necessity for the repair.
In view of the holding of the court, it is unnecessary to consider plaintiff’s other contentions (1) that the sidewalk was never scheduled for repair, but was torn up in error and (2) that reconstruction of the sidewalk abutting her premises was unnecessary, since determination of these factual questions is now rendered academic. Plaintiff’s motion will be granted.