BARBARA KERNER, APPELLANT, V. JOHN W. MCDONALD, SHERIFF, ET AL., APPELLEES, and AUGUST KERNER, APPELLANT.

FILED NOVEMBER 8, 1900. No. 10,953.

Estate by Entirety. The common law rule of estate by entirety does not obtain in this jurisdiction.

APPEAL from the district court of Douglas county. Heard below before DICKINSON, J. *Affirmed.*

*McCoy & Olmstead*, for appellants:

This was an action of injunction brought by Barbara Kerner against John W. McDonald, as sheriff, Henry Held and August Kerner, and was tried on the petition of Barbara Kerner, and answer and cross-petition of August Kerner, setting up the same facts as the petition,

and general demurrers by each of the other defendants to each of said pleadings.

The trial court, upon the hearing, sustained the demurrers and entered a decree for defendants McDonald and Held. Barbara and August Kerner separately appealed to this court.

The facts essential to an understanding of the case are, briefly stated, as follows: On and prior to March 9, 1887, August and Barbara Kerner were husband and wife, and on that day Barbara Kerner contracted with one Charles F. Strong for the purchase by her from him of certain land in the city of Omaha, Nebraska, which was to become her own property for a consideration of $1,200 to be paid by her out of her individual estate. On the same day, upon request of the plaintiff, Strong and wife executed and delivered to Barbara and August Kerner a warranty deed of the premises, with the purpose and intent common to each of the parties to the deed of thereby conveying to the Kerners an estate by entirety. But the deed was a plain warranty deed, in which neither the marriage relation of the Kerners, nor the particular kind of estate intended to be conveyed to and received by them, was specially mentioned. Neither of the Kerners ever acquired any interest in said land except by virtue of said deed, and Barbara Kerner never granted or gave to August Kerner any especial power or agency over her estate or interest in the whole or any part thereof, or any right to use the same. Neither of said Kerners was in actual possession of said land and it had not been used since they became its owners, and it was not improved. Barbara Kerner, out of her individual estate, paid the entire purchase price, and claims that it was and is owned by her and her husband as an estate by entirety and is not subject to execution of any judgment against August Kerner alone. Held obtained a judgment against August Kerner, in the county court of Douglas county, which was duly transcripted to the district court of that county, and, in due time, procured

an execution to be issued thereon and delivered to Mc-
Donald as sheriff.  The judgment was not for any neces-
saries furnished the Kerner family.  The sheriff, finding
no personalty out of which to make the judgment,
threatened to sell, not the half, but the entire premises,
as the property of August Kerner.  Barbara Kerner in
writing notified the sheriff of her claim, that she and
her husband were grantees of Strong by one deed and
owned the land by entirety and that during their joint
lives the judgment could not be made therefrom.  She
in her petition also asserted that enforcement of the ex-
ecution against said land would impair the obligation of
their contract of conveyance and would deprive her of
her property without due process of law and deny her
the equal protection of the laws and claimed the pro-
tection of paragraph 1, section 10, article 1, and section
1, amendment 14 of the constitution of the United States
in support thereof.  But the sheriff, still persisting in
levying on the said land and selling the same to pay said
judgment, and Held being a resident of Wyoming and
having no property in this state except said judgment,
this injunction action was begun to prevent an irrepar-
able injury to Barbara Kerner and the clouding of her
title to said land.

   The question before the court in this case then is
whether the common law rule of estates by entireties has
always been and is now in force in this state, by which
rule, when there is granted to two persons, who are then
husband and wife, an estate by one instrument, the es-
tate belongs to both of them, not by moieties, but by the
whole, and will on the death of one belong, as if from the
date of the grant, wholly to the survivor (2 Blackstone
Com. [Cooley's 3d ed.], *182, note 2; Kent Com., *132;
4 Kent Com., *362, *363; 1 Washburn, Real Property [5th
ed.], *424-*426; 9 Am. & Eng. Ency. Law [1st ed.], 40,
850); and, if such rule is in force, whether it is applicable
to this case, so that Barbara and August Kerner will be
said to have received and to hold said premises by the

entirety, and whether, by reason of those facts, and es-
pecially because of the fact that all of the purchase price
of said premises and the taxes thereon were paid by Bar-
bara Kerner with her own separate funds, it ought to
be adjudged that during her life, if she dies before her
husband, and forever, if she survives him, the whole of
said premises and every interest therein, and the use
and enjoyment of the whole thereof, shall be hers free
of all acts, judgments and claims of the appellees against
said August Kerner.

Throughout the United States the law of entirety is,
almost without exception, confirmed by the judicial de-
cisions in the absence of affirmative prohibitive legisla-
tion. It is in force in the following states, as confirmed
by their judicial decisions, and no doubt it is in force in
other states and will be so declared by their courts when
the occasions arise: *Corinth v. Emery,* 63 Vt., 505; *Brown-
son v. Hull,* 16 Vt., 309; *Pray v. Stebbins,* 141 Mass., 219;
*Phelps v. Simons,* 159 Mass., 415; *Wright v. Saddler,* 20 N.
Y., 320; *Farmers Bank v. Gregory,* 49 Barb. [N. Y.], 155;
*Bertles v. Nunan,* 92 N. Y., 152; *Hiles v. Fisher,* 144 N. Y.,
306; *Grosser v. City of Rochester,* 148 N. Y., 235; *Buttlar v.
Rosenblath,* 42 N. J. Eq., 651; *Fulper v. Fulper,* 54 N. J.
Eq., 431; *Parry's Estate,* 188 Pa. St., 33; *Bramberry's Es-
tate,* 156 Pa. St., 628; *McCurdy v. Canning,* 64 Pa. St., 39;
*Clark v. Wootton,* 63 Md., 113; *McCubbin v. Stanford,* 85
Md., 378; *Bank v. Corder,* 32 W. Va., 232, 241-243; *Bruce
v. Nicholson,* 109 N. Car., 202; *McLeod v. Tarrant,* 17 S.
Car., 773; *Gresham v. King,* 65 Miss., 387; *Oglesby v. Bing-
ham,* 69 Miss., 795; *McDuff v. Beauchamp,* 50 Miss., 531;
*Hemingway v. Scales,* 42 Miss., 1, 16; *Cole Mfg. Co. v. Collier,*
31 S. W. Rep. [Tenn.], 1000; *Chambers v. Chambers,* 92
Tenn., 707; *Chandler v. Cheney,* 37 Ind., 408; *Carver v.
Smith,* 90 Ind., 223; *Brown v. Brown,* 133 Ind., 476; *Thorn-
burg v. Wiggins,* 135 Ind., 178; *Michigan Beef & Provision
Co. v. Coll,* 74 N. W. Rep. [Mich.], 475; *Dickey v. Con-
verse,* 76 N. W. Rep. [Mich.], 80; *Doane v. Feathers' Es-
tate,* 78 N. W. Rep. [Mich.], 884; *Bennett v. Child,* 19 Wis.,

383; *Brown v. Baraboo*, 90 Wis., 151; *Fiedler v. Howard*, 99 Wis., 388; *Simpson v. Biffle*, 63 Ark., 289; *Branch v. Polk*, 61 Ark., 388; *Bains v. Bullock*, 31 S. W. Rep. [Mo.], 342; *Simons v. McLain*, 51 Kan., 160; *Shinn v. Shinn*, 42 Kan., 1; *Baker v. Stewart*, 40 Kan., 442, and cases cited; *Wilson v. Johnson*, 4 Kan. App., 747; *Noblitt v. Beebe*, 23 Ore., 4.

The law of entireties is established as the law of this state by legislative enactment, or, at any rate, is not prohibited or repealed by any legislation.

At the first session of the territorial legislature, and on March 16, 1855, the legislature passed "An act to put into force in this territory the common law of England," which act was carried forward and reenacted on February 12, 1866, as part of the Revised Statutes. That act reads: "So much of the common law of England as is applicable and not inconsistent with the constitution of the United States, with the organic law of this territory, or with any law passed or to be passed by the legislature of this territory, is adopted and declared to be law within said territory." By this common law act, it will be noted, it was expressly declared, in effect, that the law of entireties was adopted and established as the law of Nebraska.

The married woman acts do not affect the estate by entireties, and such estates may be created and exist since the passage of those laws the same as they did before. The only effect of the married woman acts on entireties is to take away all right in the husband, as common law agent of the wife. *Farmers Bank v. Corder, Grosser v. Rochester, Hiles v. Fisher, Simpson v. Biffle, Noblitt v. Beebe, Carver v. Smith, Bains v. Bullock, Baker v. Stewart, Buttlar v. Rosenblath, Doane v. Feather's Estate, ubi supra; Humberd v. Collings*, 20 Ind. App., 93.

But, whatever the effect of section 28, we think that that section was afterwards repealed and never reenacted. At the second session of the legislature, in 1856, there was passed "An act for revising, consolidating,

and preparing a general code for the territory of Nebraska," but section 28 was not contained therein.

On February 15, 1864, the legislature again enacted a "consolidation of the general laws," the title of the act being "An act to revise and consolidate the laws of a general nature, passed at the second session of the legislative assembly of this territory." It was the intent of this act not to bring forward any acts or part of acts not brought forward or enacted at the second session of the legislature, thus repealing section 28 of the act of February 21, 1855, if it had not been repealed before.

On February 12, 1866, "the Revised Statutes of 1866" was enacted, the title being "An act for revising, consolidating and re-enacting the civil and criminal codes, and the laws of a general nature, of the territory of Nebraska." Section 2 of the Revised Statutes was the repealing clause and reads, so far as pertinent here, as follows: "All acts and laws of general nature relative to civil and criminal laws and proceedings of this territory, passed prior to 1866, and all acts and parts of acts conflicting with the provisions of this revision, are hereby repealed."

Aside from section 28, which has been repealed, and never was intended to apply to deeds to husbands and wives, there never has been and is not now any statute in Nebraska declaring that a plain deed to two persons, whoever they may be, conveys to them estates in common. At all events the true intent of the parties to the deed must be given effect.

In chapter 31 of the Consolidation of January 26, 1856, it was provided: "Sec. 63. In the construction of every instrument creating or conveying, or authorizing, or requiring the creation or conveyance of any real estate, or interest therein, it will be the duty of the courts of justice to carry into effect the true intent of the parties, so far as such intent can be collected from the whole instrument, and so far as such intent is consistent with the rules of law." And this continues the law of Ne-

braska today. If the common law rule as to entireties has been and is in force in this state, then, the deed in the case at bar having been made to the appellants, the law presumes, without any evidence, in or out of the deed, other than the deed itself and the proof of the fact of their marriage at the time of the delivery of the deed to them, that they contracted for and received an estate by entirety in said property.

But, if this law is not in force in this state, to the extent that a plain deed would be by itself sufficient evidence of an estate by entirety, and therefore that presumption was wanting, still, by virtue of section 53, chapter 73, Compiled Statutes, 1899, that presumption is supplied by the allegation in the petition, which the demurrer admits to be true, that the deed was made and delivered with the agreement and intent, common to all the parties thereto, that estates by entirety were to be granted to each married couple grantee.

*Nelson C. Pratt* and *Edward M. Wellman, contra.*

NORVAL, C. J.

This case involves the question of whether, in this state, the doctrine of entirety of estate is in force. This law grew out of the relation of husband and wife, as the same existed at common law, and it was a necessary corollary of that statute; for at common law, the moment a woman married, she ceased to exist as an entity, but simply became merged in her husband, and came wholly under his dominion. Of course, if at marriage she ceased to exist as an entity, she lost the ability to own anything, hence out of this legal fiction, of necessity, arose the doctrine, that if there be granted by one instrument to two persons, who are husband and wife, an estate it is owned by both of them, not by moieties, but as a whole, and will on the death of one belong, as if from the date of the grant, wholly to the survivor. We will discuss the questions thus presented as if no statutory enactment ever existed

on the subject other than chapter 15 of the Compiled Statutes, whereby it is provided that so much of the common law as is applicable, and not inconsistent with the constitution of the United States, etc., is adopted and declared to be the law within this state. Is the law of entireties applicable in this state? In other words, is it in harmony with the marriage relation as it now exists? It is urged that the whole of the common law exists by force of this statute, except where it has been expressly changed by legislative enactment, unless it be inconsistent with the constitution of the United States, the organic law of the territory (and presumably of the constitution of the state). With this statement we can not agree, for the term "as is applicable" has also a meaning, and it is evidently intended to mean, so much as is applicable to our institutions. Now, it is evident that the whole of the common law of husband and wife is not now and never has been in force in this state. Take, for instance, that common law rule whereby the husband was, under certain circumstances, permitted to inflict corporal punishment upon his wife. It would hardly be contended that such rule of law existed here, in the absence of special statutory enactment. The principle is too repugnant to all modern ideas of the relation of husband and wife to have a place in our jurisprudence. Hence, it is plain that not all common law of England is in force in this state. We do not imagine that such would be declared to be the law anywhere, yet it was once, without dispute, the common law of England. As a matter of fact, law is not a fixed science, but advances or retrogrades with the advancement or retrogression of society; and the law permitting corporal punishment of the wife by the husband has ceased, because we are a more highly civilized people than were our ancestors, and such a thing would now be looked upon with abhorrence by all right thinking men. Many principles of law have changed with the passing of time, through the gradual change of thought on the part of society and

the flux and change of social organization; many others have ceased because the reason which called them into existence has ceased, and it seems to us that to this last named principle may be referred the law of estates by entirety. The old common law idea of the oneness in the relation of husband and wife is fast disappearing. The identity of the woman is not lost in her husband; she is no longer under his dominion or control. On the contrary, in law, husband and wife are now considered as equals, the relation as a dual equality, not as one, and that one very much the husband. Hence, there seems to be no better reason for holding that a conveyance of an estate to two persons, they being husband and wife, by one instrument, creates an estate in entirety, than to hold that the conveyance of an estate to two persons not husband and wife will create a like estate, and not an estate. The reason for the law of entirety having ceased, with the reason, the law itself is no more. It would seem clear that, taking the modern view of the marriage relation, there is no reason for the doctrine of estates in entirety, but that estate created in both husband and wife should at once be assimilated to like estates created in other persons not husband and wife. We are of the opinion, that in the absence of statute declaratory thereof, the doctrine of estates by entirety is repugnant to our institutions, and to the American sense of justice to the heirs, and, therefore, not the common law of this state. The district court having held in harmony with the views herein expressed, the judgment is accordingly

AFFIRMED.

NOTE.—"It is true, that at one time the common law favored, by reason of the right of survivorship, title by joint tenancy. For it thus, as was supposed, tended to combine or unite the feudal services, consolidate tenures and strengthen the feudal connection. And this was its policy. Of course, the reason would cease with the abolition of the tenures; and neither in England nor in this country are these estates favored." *Hoffman v. Stigers*, 28 Ia., 302, 306. Affirmed in *Bader v. Dyer*, 106 Ia., 715, 719.