Kenneth BRANDHAGEN and Monica K. Brandhagen, Plaintiffs and Appellants,

v.

E. M. BURT and Cavalier Super Valu, Inc., a North Dakota Corporation, Cavalier, North Dakota, Defendants and Respondents.

No. 8034.

Supreme Court of North Dakota.

Oct. 26, 1962.

Rehearing Denied Nov. 5, 1962.

Stokes, Vaaler, Gillig & Warcup, Grand Forks, for plaintiffs and appellants.

Shaft, Benson & Shaft, Grand Forks, for defendants and respondents.

STRUTZ, Judge.

This is an action to quiet title to a portion of Lot Two (2) in Block Eleven (11), Original Townsite of Cavalier, North Dakota. The action involves encroachment of a building owned by the defendant E. M. Burt and located on a lot adjoining that of the plaintiffs, but extending eighteen inches onto the plaintiffs' property to which title is being quieted. Plaintiffs further pray for $10,000 damages for use and occupation of the eighteen-inch strip of plaintiffs' property so encroached upon.

The answer of the defendant includes a counterclaim for specific performance of an alleged agreement between plaintiffs and defendant, alleging that the plaintiffs had orally agreed with the defendant, at the time of the construction of the plaintiffs' and the defendant's buildings, that the defendant could use the east wall of the plaintiffs' building as a party wall if the defendant would pay one-half of the cost of erecting such east wall of the plaintiffs' building. The cost of the wall later was determined to be $4,000. Defendant further alleges that it was agreed that, inasmuch as the plaintiffs' east wall was to be eighteen inches from the plaintiffs' east lot line, the plaintiffs would give to the defendant an easement to the eighteen-inch strip; that the parties agreed that, in consideration of the use of plaintiffs' wall by the defendant as a party wall and in further consideration for the plaintiffs' giving to the defendant an easement to the eighteen-inch strip, the defendant would restrict the use of his building and would not carry on certain designated types of business therein for so long as the agreement between the parties continued to be in force; that the parties agreed that the cost of a common, or joint, sewer and water line to the properties would be shared equally; and that defendant further agreed to pay for any repairs necessary to the plaintiffs' east wall for so long as it was being used as a party wall by the defendant.

All negotiations between the parties, however, were carried on between the plaintiff Kenneth Brandhagen and the defendant. The record shows that the plaintiffs' property is held by the plaintiff Kenneth Brandhagen and the plaintiff Monica K. Brandhagen as joint tenants and that, although the defendant apparently knew of the plaintiff Monica Brandhagen's interest in such property, she was not asked to participate in these negotiations.

The plaintiffs' and the defendant's buildings were erected in due time. In constructing the east wall of their building, the plaintiffs caused notches to be placed in the concrete of such wall, which notches were for the express purpose of tying in the joists of the defendant's building. The defendant's building then was so constructed that it made use of the plaintiffs' east wall as the west wall of the defendant's building. The plaintiff Monica Brandhagen, while admittedly having taken no part in the negotiations referred to, acknowledged that, when the defendant came to the plaintiffs'

residence to talk with her husband before construction of either of the buildings, she had asked the plaintiff Kenneth Brandhagen what the defendant wanted and was informed that he wanted to attach his new building to the east wall of the plaintiffs' new building. The plaintiff Monica Brandhagen further admitted that, thereafter, she saw the defendant's building being attached to the plaintiffs' building and that she made no protest or objection. In response to a question as to what she and the plaintiff Kenneth Brandhagen had done when they saw the defendant attaching his building to their wall, and encroaching upon their property, the plaintiff Monica Brandhagen testified:

"We didn't do anything."

For almost eleven years thereafter, the plaintiffs did nothing. Finally, in July of 1959, this action was commenced to quiet title to the plaintiffs' property, including the strip occupied by the defendant's building. Plaintiffs also demanded $10,000 as damages for use and occupation of the plaintiffs' lot by the defendant's building.

Plaintiffs contend that the oral agreement of the plaintiff Kenneth Brandhagen with the defendant was of no effect since the plaintiffs did not accept the defendant's postdated check for $2,000 which was delivered to plaintiffs' attorney as payment for one-half of the cost of the plaintiffs' east wall; that, in any event, the oral agreement was not binding upon the plaintiff Monica Brandhagen since she was not consulted at any time, nor did she approve the oral agreement made by the plaintiff Kenneth Brandhagen with the defendant; and that the plaintiff Monica Brandhagen, not having agreed to such use of the plaintiffs' property by the defendant, her failure to object to the defendant's use of the property as a party wall would not be a ratification of such oral agreement since she was not a party to the oral agreement.

The postdated check delivered to the plaintiffs' attorney, which the plaintiffs did not accept, was, after several years, returned by the attorney to the defendant, and the plaintiffs never have received payment for one-half of the cost of the wall as had been agreed between the plaintiff Kenneth Brandhagen and the defendant. The defendant did, however, under the oral agreement between the plaintiff Kenneth Brandhagen and the defendant, pay one-half of the cost of installing a common sewer and water line to the buildings of the parties, and did observe all conditions required of him by such oral agreement as to the use of the defendant's building. Moreover, during the eleven years since the erection of such buildings, the defendant paid all repairs to the plaintiffs' east wall.

On this record, the trial court ordered the plaintiff Kenneth Brandhagen to specificly perform his part of the agreement on payment to him, as a joint tenant with the plaintiff Monica Brandhagen, of $1,000, being one-half of the amount that defendant was to pay to the plaintiffs for such use of their wall as a party wall and for such easement; that the plaintiff Monica Brandhagen, not having been a party to the oral agreement, could not be required to specificly perform an agreement to which she was not a party; and that the plaintiff Monica Brandhagen be awarded $1,000 damages, with interest at the legal rate of four per cent per annum from and after January 1, 1949, and that such sum be paid to her upon her executing and filing an easement in favor of the defendant for the use of the party wall and the eighteen-inch strip of plaintiffs' lot occupied by the defendant's building, since the defendant, in good faith, had expended large sums of money on his building in reliance upon the oral agreement with the plaintiff Kenneth Brandhagen and with the knowledge of the plaintiff Monica Brandhagen.

From this judgment the plaintiffs have appealed, demanding a trial de novo.

Under North Dakota law, an estate in real property, other than an estate at will

or for a term not exceeding one year, can be transferred only by operation of law or by an instrument in writing subscribed by the party disposing of the same or by his agent who has written authority as such agent. Sec. 47–10–01, N.D.C.C.

■ Here, we have property held by the plaintiffs as joint tenants. Neither has disposed of any of his interests in writing. It is also agreed that the plaintiff Monica Brandhagen did not authorize her husband, in writing, to act for her. While one joint tenant may not convey the interest of his cotenant without written authority of such cotenant, he may transfer his own interest in such real property. 48 C.J.S. Joint Tenancy § 17, p. 936.

Thus the plaintiff Kenneth Brandhagen could contract with the defendant as to his own interest in the plaintiffs' property, but he could not bind the plaintiff Monica Brandhagen.

■ We have examined the record carefully. We find that the plaintiff Kenneth Brandhagen entered into an oral agreement with the defendant for use of the plaintiffs' wall as a party wall and for an easement to an eighteen-inch strip of plaintiffs' lot and, pursuant to such oral agreement, the plaintiff Kenneth Brandhagen allowed the defendant to construct his building, using such strip, and attach his building to the plaintiffs' building, and, while the plaintiff Kenneth Brandhagen did not realize the full consideration provided for by such oral contract, he did permit the defendant to spend a large sum of money and did receive some of the benefits of his oral agreement in that the defendant used his adjoining building for only the purposes agreed to by the parties; the plaintiff also received the benefit of having the defendant pay for one-half of the cost of installation of a common water and sewer line; and plaintiff further received the benefit of having the defendant pay for all of the repairs to the plaintiffs' wall which were necessary during the eleven years which elapsed after the attaching of the defendant's building to the plaintiffs' wall and the commencement of this action.

■ The defendant therefore has partially performed the oral agreement between the parties, and such partial performance of a parol agreement to convey an interest in real property was sufficient to take the oral agreement out of the statute of frauds. Such agreement for the conveyance of an interest in real property, within the statute of frauds, may be enforced, although it is not in writing, where the party takes possession and makes improvements on the property. Mitchell v. Knudtson Land Co., 19 N.D. 736, 124 N.W. 946; Syrup v. Pitcher (N.D.), 73 N.W.2d 140.

Therefore, the order of the trial court enforcing the oral agreement between the plaintiff Kenneth Brandhagen and the defendant as to the plaintiff Kenneth Brandhagen's interest in such property is hereby affirmed.

■ A more difficult question is presented, however, when we consider the interest of the plaintiff Monica Brandhagen. She did not enter into any negotiations with the defendant, and therefore made no oral agreement which part-performance by the defendant would take out of the statute of frauds. As a joint tenant, the plaintiff Kenneth Brandhagen could not convey or agree to convey the entire estate, or any interest in any part of the real property beyond his own interest, unless he was authorized by his cotenant to do so. Here, he attempted to convey an interest of the plaintiff Monica Brandhagen in the plaintiffs' real property which she never had legally authorized. The plaintiff Kenneth Brandhagen could not enter into any agreement to sell or in any way convey the joint property or to bind the plaintiff Monica Brandhagen so as to divest her of any of her interest in this property unless she previously had authorized the sale or had acted in such a way that she either ratified the sale or is estopped to deny it. In the

absence of such authorization, ratification, or estoppel, the agreement made by the plaintiff Kenneth Brandhagen would not be binding upon the plaintiff Monica Brandhagen, and such agreement and the defendant's subsequent performance would transfer to the defendant only the joint interest of the plaintiff Kenneth Brandhagen.

■ The defendant contends that the plaintiff Monica Brandhagen had personal knowledge of negotiations between her husband and joint tenant and the defendant. Having this knowledge, she nevertheless permitted the defendant to construct a valuable improvement, at a substantial cost, and therefore she should now be estopped from asserting any claim to such property. The record discloses, by the plaintiff Monica Brandhagen's own testimony, that she knew that her husband had offered to the defendant the use of the plaintiffs' wall as a party wall, with an easement to the eighteen-inch strip of the lot between the wall and the plaintiffs' east lot line. The record further discloses that, subsequent to acquiring this knowledge, she personally saw the defendant's building being erected and attached to the plaintiffs' building and saw that it was encroaching upon the plaintiffs' lot. Yet she made no protest of any kind but stood by, allowing the defendant to spend large sums of money in the construction of his building. Thereafter, the defendant paid for his part of the water and sewer line and, during the ensuing years, paid for all of the repairs to the plaintiffs' east wall as he had agreed to do with the plaintiff Monica Brandhagen's cotenant. Plaintiff Monica Brandhagen received such benefits without protest.

The majority of jurisdictions where the question has been raised hold that, where the owner of real property stands by and sees an owner of adjoining property erect a valuable structure which encroaches upon his property, and such owner of adjoining property builds such structure in the belief that he has a right to do so, and where the owner of the property encroached upon, with full knowledge of such encroachment, makes no objection thereto, such owner is estopped to claim title to such property encroached upon.

Gillespie v. Windust, 16 Alaska 393, 143 F.Supp. 555, was an action in ejectment to recover possession of land claimed by the defendant. The plaintiff, who claimed title to such land, stood by without protest for thirteen years while the defendant and his predecessors made valuable improvements upon the land. The Federal district court of Alaska, in holding for the defendant, pointed out that the plaintiff had stood by and allowed the defendant and his predecessors to make valuable improvements for a period of thirteen years before making any objection thereto and that, because of such failure to protest, he was equitably estopped from asserting his title to such land. The court concluded that one who knowingly permits another to spend money for improvements, under the belief that he has the right to possession of the land on which the improvements are placed, will not be permitted to set up his interest to the exclusion of the one who in good faith made such improvements.

In the case of LaRue v. Greene County Bank, 179 Tenn. 394, 166 S.W.2d 1044, the court had before it a situation where one wall of a new building encroached upon the adjoining lot from two to four inches. The adjoining lot owner, having knowledge of the encroachment, took no steps to correct the same but allowed the work on the building to be completed before protesting. The court held that the owners of such adjoining lot were estopped to assert any claim against the owner of the new building.

In a quiet-title action where it appeared that the defendant stood by and watched the plaintiff erect improvements to the land in question, knowing that the plaintiff was acting under the assumption that he had title, the court held that the defendant's acquiescence would work as an estoppel against him. Thompson v. Page, 255 Ala. 29, 49 So.2d 910.

In the case of Howie v. Baker, 232 Miss. 661, 100 So.2d 113, the Supreme Court of Mississippi held that one may not stand by and see improvements made under circumstances which call for protest and then, afterwards, assert title against the person making the improvements.

The plaintiff Monica Brandhagen could have entered into a legal agreement with the defendant for the erection of his building, using the plaintiffs' east wall as a party wall. Acquiescence of one owner in the use of his property as a party wall by an adjoining owner may estop him to deny that the wall is a party wall. 69 C.J.S. Party Walls § 8, p. 7.

In the case before us, the plaintiff Monica Brandhagen acquiesced in the attachment of defendant's building to the building in which she had an interest. She knew that the defendant had discussed the use of the plaintiffs' wall as a party wall with her joint tenant. She saw the defendant constructing his building, a substantial business structure, and witnessed defendant's attaching his building to the building in which she had an interest; she saw his encroachment upon her lot and she acquiesced in his action by doing absolutely nothing to protest such action. Where she, without protest, allowed the defendant to make substantial expenditures on a business building, know-ing that he believed he had the right to do so, it would be inequitable to allow her, eleven years later, to assert title to such property as against the defendant's right to an easement to use her property. Here, the plaintiffs have received some of the benefits of the defendant's use of their property. Where the plaintiff Monica Brandhagen had full knowledge that her husband and joint tenant had orally agreed to such use, and where she acquiesced by long silence in such use, and where she received some of the benefits thereof, we believe she should be equitably estopped by her conduct from now attempting to assert her legal rights. Equity will not grant relief to a plaintiff who had full knowledge that another was making valuable improvements on her property and was encroaching thereon, where she permitted such expenditures and use without protest, and, for eleven years, permitted the continued use thereof. See annotation of cases under general heading "Estoppel—Silence During Improvement," 76 A.L.R. 312–332.

From the above, it follows that there was no reversible error in the trial of this case, and the judgment appealed from must be, and is, affirmed.

SATHRE, C. J., and MORRIS, BURKE, and TEIGEN, JJ., concur.