BUNT, Appellant v. FAIRBANKS, Respondent

(134 N.W.2d 1)

(File No. 10198. Opinion filed March 26, 1965)

**T. R. Johnson, Danforth, Danforth & Johnson,** Sioux Falls, for plaintiff and appellant.

**Miller, Kaye & Hanson,** Mitchell, for executor.

**Woods, Fuller, Shultz & Smith,** Sioux Falls, for defendant and respondent, Marlys Bunt Fairbanks.

FOSHEIM, Circuit Judge. Rachel H. Bunt, the widow of Richard H. Bunt, deceased, and the mother of the defendant Marlys G. Fairbanks, seeks in this action to quiet title in herself to one thousand shares of National Securities Series stock and the dividends issued thereon. The defendant Fairbanks denies plaintiff has any interest in such personal property, and by counterclaim demands judgment for possession of the securities, and for the amount of dividends and distributions received by plaintiff from such stock. After the action was commenced Theodore G. Bunt, as executor of the will of Richard H. Bunt, was made a party defendant. The court decided the issues in favor of the daughter. Plaintiff appeals.

Before and during 1960 plaintiff and her husband Richard H. Bunt had a joint checking account in the Northwestern National Bank at Sioux Falls. Plaintiff claims to have contributed upwards of $3,500 of her separate funds to this account. On October 28, 1960 the deceased, without plaintiff's knowledge, withdrew $8,000 for the purchase of the stock involved. Immediately before this withdrawal the balance in the account was $11,699.46. The stock certificate was issued to "Richard H. Bunt & Marlys Fairbanks as Jt Wr of Surv & not as Tenants in Common", and was never physically delivered to defendant. Until his death Mr. Bunt received and retained the dividends therefrom. Appellant questions the right of her late husband to withdraw the $8,000.

■ The joint bank account apparently was for the convenience and benefit of both Mr. and Mrs. Bunt. Their deposits therein established a creditor debtor contract relationship with the bank. Barbour v. First Citizens National Bank of Watertown, 77 S.D. 106, 86 N.W.2d 526. The bank could by statute, SDC 1960 Supp. 6.0414, and had the duty by contract, to honor such checks as were drawn upon the account by either co-owner so long as the balance was sufficient and not subject to a prior lien or claim. Flaherty v. Bank of Kimball, 75 S.D. 468, 68 N.W.2d

105. At the time the $8,000 check was issued Mr. Bunt was the real owner of the account in at least that amount, and as between the joint owners had the legal right to make the withdrawal without liability to the other. 161 A.L.R. 71.

■ Appellant next contends the stock purchase was not a valid gift inter vivos. The essential elements of a gift inter vivos include intention, delivery and acceptance. 24 Am.Jur., Gifts, § 21 to § 42.

■ Counsel for appellant stressed in argument that the evidence and findings are wanting as to donative intent. The second finding of fact adopted by the trial court reads: "By such purchase, issuance and delivery, the said Richard H. Bunt intended to and did make a gift of such interest as a joint tenant to the said Marlys G. Fairbanks". In our opinion the finding is adequate and is supported by evidence.

A gift is without consideration, SDC 51.1506, and for that reason fails as a contract until executed. Delivery is the adrenaline that makes it a contract executed. O'Gorman v. Jolley, 34 S.D. 26, 147 N.W. 78. In re Lower's Estate, 48 S.D. 173, 203 N.W. 312.

That this stock certificate was issued to joint tenants is a distinguishing fact. Our joint tenancy statute, as amended, SDC 1960 Supp. 51.0212, reads in part: "A joint tenancy interest is one owned by several persons in equal shares, by a title created by a single * * * transfer, when expressly declared in the * * * transfer to be a joint tenancy, * * *. Any * * * transfer * * * of * * * personal property to two or more grantees, * * * which, by the method of describing such grantees or by the language of the granting habendum clause therein evinces an intent to create a joint tenancy in grantees shall be held and construed to create such joint tenancy." In South Dakota survivorship is an established incident of a joint tenancy. Armstrong v. Hellwig, 70 S.D. 406, 18 N.W.2d 284. In re Hanson's Estate, 77 S.D. 474, 93 N.W.2d 606.

Although donor retained possession of the certificate, he surrendered his exclusive dominion and control thereof when

he had ownership placed in defendant and himself. Nothing more remained to be done to make the gift complete and absolute. It was irrevocable. Each co-owner had an equal right to possession of the certificate and since they could not both have manual possession at the same time, possession by one cotenant is, in contemplation of law, possession for both. Frey v. Wubbena, 26 Ill.2d 62, 185 N.E.2d 850; Allender v. Allender, 199 Md. 541, 87 A.2d 608; Marans v. Newland, 141 Mont. 32, 374 P.2d 721; Eisenhardt v. Lowell, 105 Colo. 417, 98 P.2d 1001; Young v. Cockman, 182 Md. 246, 34 A.2d 428, 149 A.L.R. 1006; Zander v. Holly, 1 Wis.2d 300, 84 N.W.2d 87; Crowell v. Milligan, 157 Neb. 127, 59 N.W.2d 346; Manning v. United States National Bank of Portland, 174 Or. 118, 148 P.2d 255, 153 A.L.R. 922.

■ ■ The delivery of a gift may be either actual or constructive, depending upon the circumstances under which the gift is made. The impossibility of both joint tenants holding possession at the same time made a constructive delivery according to the manner in which this particular stock certificate was susceptible of being delivered sufficient. Steffen v. Davis, 52 S.D. 283, 217 N.W. 221; 24 Am.Jur., Gifts, § 27. Since the possession of joint tenants is in common and each has the right to the enjoyment of the whole property to the extent of his interest, if only one of them holds the property, he must be considered as possessing, not only for himself, but also for the benefit of his cotenant, although there is no contract between them. 48 C.J.S. Joint Tenancy § 7. Retention of the dividends by deceased under these circumstances did not invalidate the gift. Benton v. Smith et al., Mo.App., 171 S.W.2d 767; Allender v. Allender, supra.

■ Regarding the element of acceptance, it appears to be the rule that, in the absence of renunciation, acceptance of a gift will be presumed when it is unaccompanied by any condition to be performed by the donee, especially where the gift is from parent to child and it operates entirely to the donee's benefit. 24 Am.Jur., Gifts, § 117; Phillips v. Plastridge, 107 Vt. 267, 179 A. 157, 99 A.L.R. 1074.

■ We do not regard the provisions of the Uniform Stock Transfer Law, SDC 11.0501(1), applicable. This gift did not involve a stock transfer from the donor to donee.

The judgment is affirmed.

RENTTO, HANSON, BIEGELMEIER and HOMEYER, JJ., concur.

FOSHEIM, Circuit Judge, sitting for ROBERTS, P. J., disqualified.