SCHIMKE, Appellant v. KARLSTAD et al., Respondents

(208 N.W.2d 710)

(File No. 11240. Opinion filed June 26, 1973)

Gene E. Pruitt, Willy, Pruitt, Matthews & Jorgensen, Sioux Falls, for plaintiff and appellant.

Claude A. Hamilton, Blaine Simons, Sioux Falls, for defendants and respondents.

BIEGELMEIER, Chief Justice.

The facts as stipulated show plaintiff and his wife purchased the property involved in this action, and the deed conveyed title to them "as Joint Tenants and not as Tenants in common and with full Right of Survivorship"; that prior to her death, without knowledge and consent of plaintiff, plaintiff's wife conveyed an undivided one-half interest in the property to her children by a former marriage. Plaintiff brought this action claiming that deed void for the reason that he had a contingent remainder in fee which was indestructible by the voluntary act of the joint tenant in attempting to convey the property and destroy the joint tenancy. The trial court upheld the wife's conveyance and plaintiff appeals. We affirm.

In an Annotation, 129 A.L.R. 813 at 814, it is stated:

> "The courts are virtually unanimous in agreeing that a joint tenant may, at his pleasure, dispose of his share and convey it to a stranger, and that such conveyance will result in a severance or termination of the joint tenancy."

This rule is quoted with approval in Greiger v. Pye, 210 Minn. 71, 297 N.W. 173. The Minnesota court referred to the many cases in the A.L.R. Annotation without citing them; likewise, we refer to those cases in that Annotation.

In a superseding Annotation in 64 A.L.R.2d 918 at 925, the author states:

"The act of a joint tenant in conveying his interest in the property to a stranger operates to sever that interest from the tenancy, so that in the usual case of there being only two joint tenants the joint tenancy is completely terminated."

See also 20 Am.Jur.2d, Cotenancy and Joint Ownership, § 16. In Buford v. Dahlke, 158 Neb. 39, 62 N.W.2d 252, the court recognized the prevailing rule in the following language:

"A conveyance by one joint tenant of his interest destroys the unities of title, interest, and possession and causes a severance of the joint tenancy."

Accord: Re Baker's Estate, 247 Iowa 1380, 78 N.W.2d 863, 64 A.L.R.2d 902.

The suggestion is made that the joint tenant executed the deed to her children without the knowledge or consent of plaintiff husband, and that this fact may in some way affect her conveyance. That is immaterial, for a joint tenant may convey his or her interest in the property without the knowledge or consent of the other joint tenant, and, thus, plaintiff's wife was exercising a right she had as joint tenant. In Greiger v. Pye, supra, the court answered that claim by writing:

"Nor can there be any doubt that joint tenants by their mutual agreement may sever their joint tenancies. That result necessarily follows since one tenant may, even without the consent of his cotenant, sever the estate."

Plaintiff cites Mannausa v. Mannausa, 374 Mich. 6, 130 N.W.2d 900, the last of a series of opinions on this and a related question, as supporting his contention. We are in accord with the almost unanimous rule followed by the courts and quoted at length in Re Baker's Estate, supra.

At oral argument counsel for appellant called the court's attention to the opinions of two other states as being supportive

of appellant's position. Examination of these two opinions does not sustain appellant. In First National Bank of Denver v. Groussman, 29 Colo.App. 215, 483 P.2d 398, the court, following the majority rule and citing 20 Am.Jur.2d, Cotenancy and Joint Ownership, § 16, wrote:

> "The law is clear that upon conveyance by one joint tenant to a third party the remaining joint tenants become tenants in common with that third party."

In Hunter v. Hunter, Mo., 320 S.W.2d 529, 69 A.L.R.2d 1048, the contest resulted from a devise in a will to two sisters as joint tenants with the right of survivorship. The court's opinion considers and makes a clear distinction between such devises by will and transfers by deed. It rests its decision on the reasoning that in construing a will an attempt is made to discover the intention of the testator. This distinction is evident from the fact that plaintiff cited two earlier opinions involving deeds in support of her appeal. The court disposed of these by saying: "In neither of the above cases was the court called upon to interpret a will."

■ This opinion thus far disposes of the appeal as limited by the briefs and oral argument which were directed to a joint tenancy deed as if the grantees were not husband and wife. This important difference was pointed out and held conclusive of the controversy in Bassler v. Rewodlinski, 130 Wis. 26, 109 N.W. 1032, in the following language:

> "This case turns upon whether a joint tenancy in lands of husband and wife has the same characteristics as to survivorship under our statutes as between others at common law.

> "* * * In case of husband and wife circumstances that would as between other parties create a joint tenancy only, would as to them add another element in the absence of any statutory regulation making them tenants by the entireties, as to which there could be no severance by partition or alienation."[1]

---

1. That subject is not covered under the titles "Cotenancy and Joint Ownership" in 20 Am.Jur.2d, p. 87, or in "Joint Tenancy" 48 C.J.S. p. 909, but rather under the title "Husband and Wife" in 41 Am.Jur.2d at p. 58, and 41 C.J.S., pp. 457 and 458.

Accord: Swan v. Walden, 156 Cal. 195, 103 P.931.

Likewise, the problem was presented and stated in Wilson v. Wilson, 43 Minn. 398, 45 N.W. 710, as follows:

> "The question in this case is, when a conveyance of real estate in fee is made to husband and wife, do they take as joint tenants, tenants in common, or do they become seized of the entirety, as it was called at the common law? An incident or property of this peculiar estate, by the entirety, which it had in common with the estate in joint tenancy, was the right of survivorship. But, unlike the case of joint tenancy, neither of the parties could alien without the assent of the other."

So in Davidson v. Eubanks, 354 Mo. 301, 189 S.W.2d 295, 161 A.L.R. 450, the court wrote:

> "In this state, as at common law, a conveyance to husband and wife as joint grantees during coverture ordinarily creates a tenancy by the entireties."

In this instance the grantees were husband and wife, and, were the opinion to end without, of our own accord, considering and disposing of that question it would subsilentio adjudge that tenancy by the entirety does not exist in this state.[2]

An estate by the entireties is the estate created at common law by a conveyance or devise of property to husband and wife and is based upon the common-law theory that they were one person, 41 C.J.S. Husband and Wife § 33, p. 457, and, indeed,

---

2. It may be contended Bunt v. Fairbanks, 81 S.D. 255, 134 N.W.2d 1, in approving a husband's withdrawal of all the money in a joint account with his wife, in effect, rejected the entirety claim. That result was reached in Armstrong v. Hellwig, 70 S.D. 406, 18 N.W.2d 284, where the court, after citing our now SDCL 43-2-11, 43-2-12, 43-2-15 and 43-2-16, wrote: "Joint tenancy is the only estate known to our law which has that quality (survivorship)."

354

the husband was the one. Powell on Real Property, § 620; Whyman v. Johnston, 62 Colo. 461, 163 P. 76.[3] As a result of this reasoning, at common law

> "the husband has the right, not only in his own right but in that of his wife, to the possession and usufruct of property held by them by an estate by the entireties. He can lease, convey, or encumber such property during the continuance of the estate by the entireties, that is, during the joint lives of himself and his wife; but he cannot prejudice thereby his wife's right of survivorship, and any such conveyance, lease, or encumbrance is terminated by his death before that of his wife." 41 Am. Jur.2d, Husband and Wife, § 191, p. 168.

It is said estates by the entireties exist in many American jurisdictions and also that they

> "do not exist in some jurisdictions, sometimes on theories of public policy, sometimes by express statutory provision, sometimes on the theory that the Married Women's Acts have abolished the unity of husband and wife and, hence, the reason for estates by the entireties, and sometimes by the combined effect of a Married Women's Act and a statute of descent construed to abolish survivorship in such estates." 41 Am.Jur.2d, Husband and Wife, § 56, p. 61.

Another text voices the opinion:

> "In fully half of the United States, tenancies by the entireties do not exist. A few states attained this result by rejecting the type of ownership as 'repugnant to our institutions and to the American sense of justice to the heirs and therefore not the common law.' In other states, this result has been said to be the necessary conse-

3. In In re Lower's Estate, 1925, 48 S.D. 173, 179, 203 N.W. 312, 315, the court held personal property—certificates of deposit payable either to husband or wife—was included in our ownership statutes.

quence of the destruction of the spousal unity, attributed to the statutes removing the disabilities of married women. Occasionally, the result has been attributed to a statute which enumerated permitted types of concurrent ownership but failed to mention tenancies by the entireties." Powell on Real Property, § 621.

With this background the question is whether the doctrine of estates by entireties is in force in this state. It is apparent that our statutes, which in substance have been in effect since 1877, completely cover the subject of ownership of real property[4] and negate that doctrine and method of ownership. SDCL 43-2 is a chapter relating to methods of ownership of property, and it sets out and defines them. SDCL 43-2-11 provides the ownership of property by several persons is either a joint or partnership interest or an interest in common, each of which is defined under SDCL 43-2-12,[5] 43-2-15 or 43-2-16. SDCL 43-2-12 defines the joint interest as follows:

"A joint tenancy interest is one owned by several persons in equal shares, by a title created by a single will or transfer, when expressly declared in the will or transfer to be a joint tenancy, or when granted or devised to executors or trustees as joint tenants."

SDCL 43-2-17 then provides:

"Every interest created in favor of several persons in their own right is an interest in common, unless acquired by them in partnership, for partnership purposes, or unless declared in its creation to be a joint interest, as provided in §§ 43-2-12 to 43-2-14, inclusive."

SDCL 25-2-3 declares:

"A husband and wife may hold real or personal property together as joint tenants or tenants in common."

---

4. In re Lower's Estate, note 3, where the ownership statutes are set out.

5. SDCL 43-2-13 and 43-2-14 allow one spouse to convey such title to the other and a grantor to be a grantee if they evince an intent to so do.

SDCL 25-2-4 provides:

> "Neither husband nor wife has any interest in the property of the other * * *."

With this long-standing history of legislation we conclude that estates by entireties have never been recognized as the law of this state. Cf. Swan v. Walden, supra. A tenancy by the entirety has been described as a peculiar and anomalous estate. 41 C.J.S. Husband and Wife § 34, p. 458. In setting out and defining creation of other interests in detail, but omitting the entireties interest known to the common law, it is clear that the legislature did not intend to recognize or provide for that interest in real estate. While rules of the common law were declared in force in this state,[6] except where they conflict with the legislative power, SDCL 1-1-24, these statutes clearly are in conflict. with the common law defined unity of husband and wife. We need not rest our decision on SDCL 2-14-12 (likewise an 1877 act) which states that the common-law rule that statutes in derogation thereof are to be strictly construed has no application to legislative acts but, contrariwise, they are to be liberally construed to effect their objects.

The Annotation in 141 A.L.R. 179 at 180 states:

> "Without reference to any particular statute, it has been held in a few jurisdictions that the rules of the English common law concerning estates by the entireties constitute no part of the common law of such jurisdiction, upon the ground mainly that such an estate is not founded in principles of natural justice, nor in any reasons of policy applicable to our society or institutions, but is adverse to the understandings, habits, and feelings of the people."

The Nebraska Supreme Court in Kerner v. McDonald, 1900, 60 Neb. 663, 84 N.W. 92, 83 Am.St.Rep. 550, without reference

---

6. Substantially all the statutes had their origin and were enacted by the territorial legislature in 1877.

to a legislative history, on sound reasoning concluded the doctrine of estates by entirety was repugnant to their institutions and to the American system of justice to the heirs and therefore not the common law of that state. Accord: Sanderson v. Everson, 93 Neb. 606, 141 N.W. 1025, and Semper v. Coates, 93 Minn. 76, 100 N.W. 662. Cf. Brandhagen v. Burt, 1962, N.D., 117 N.W.2d 696.

By both the reasoning of the Nebraska Supreme Court and the force of the statutes which have been with us since early territorial days, we conclude that estates by the entireties do not exist in this state.[7]

Affirmed.

HANSON and WOLLMAN, JJ., and MUNDT, Circuit Judge, concur.

WINANS, J., concurs specially.

MUNDT, Circuit Judge, sitting for DOYLE, J., absent.

WINANS, Justice (concurring specially).

The deed with which we are concerned created title in the property to the grantees "as Joint Tenants and not as Tenants in common and with full Right of Survivorship". I am of the opinion the court correctly disposes of the only problem before us. However, after disposing of that problem the opinion then takes on the question of an estate by entireties. We have no such problem. It was not presented to us, it was not argued and it is unnecessary for us to consider in arriving at the decision we do. I believe that a consideration of a nonexistent problem may be considered dictum. Having set up a fact situation that does not exist, the opinion goes on to dispose of it by an analysis of the law which considers estates by entirety, by joint tenancy and tenancy in common. An analysis of the cases cited in the Court's

---

7. This was the conclusion reached by a May 14, 1919 well-written opinion of the Attorney General in which he wrote: "This estate is unknown to our law." 1920 A.G.R. 558.

opinion will disclose entirely different fact situations from the one before us. The contentions made in the various cases cited are different from ours and such contentions are based upon entirely different "granting clauses" in the instrument under consideration in those cases. I, therefore, do not join in that part of the Court's opinion which has set up an "estate by entireties", only to knock it down. I would leave that entirely open for the Court to decide when it is presented to us for decision. For dictum of my own, I, too, think the Attorney General's opinion, 1920 A.G.R. 558, is a well-reasoned opinion.