421 So.2d 751 (1982)
Lloyd C. McDOWELL, Appellant,
v.
TRAILER RANCH, INC., a Florida Corporation, Angelo Domenick, and Lucinda Guinta, Appellees.
No. 81-1970.
District Court of Appeal of Florida, Fourth District.
November 10, 1982.
George E. Gleason of Sullivan, Ranaghan, Bailey & Gleason, P.A., Pompano Beach, for appellant.
Robert W. Sidweber of Toothaker & Sidweber, Fort Lauderdale, for appellees.
GLICKSTEIN, Judge.
Appellant and two other parties  neither of whom is his wife  own a parcel of real property in Broward County as joint tenants with right of survivorship. Appellees obtained a judgment against appellant for $50,000 as punitive damages, which was not superceded, and sought execution on appellant's interest in the property.[1] When the Sheriff of Broward County requested a court order before acting upon appellee's writ of execution, appellee obtained an order which authorized and directed the sheriff to proceed with execution. It is that post-judgment order which appellant seeks to reverse.
There is simply no merit to appellant's position that his interest is not subject to execution. While there is no case in Florida directly on point, a plethora of authority throughout the country exists in support of our conclusion.[2] Accordingly, we affirm.
DOWNEY and HURLEY, JJ., concur.
NOTES
[1] The judgment for punitive damages was subsequently affirmed by this court. McDowell v. Guinta, 421 So.2d 810 (Fla. 4th DCA 1982).
[2] See 12 Fla.Jur.2d Cotenancy and Partition § 8 (1979):

A joint tenancy may also be severed involuntarily, as by an execution sale of any interest that is subject thereto... .
4 Thompson, Real Property § 1780 (1979 Replacement) cites authority from Alabama, Georgia, Illinois, Indiana, Kentucky, Michigan, Minnesota, North Carolina and Vermont for the following principle:
The individual interest of one joint tenant is subject to levy and sale upon execution against him.
In a thoughtful opinion, Jamestown Terminal Elevator, Inc. v. Knopp, 246 N.W.2d 612, 614 (N.D. 1976), the court said:
Severance of a joint tenancy interest in real property may be accomplished by partition. In Re Larendon's Estate, 439 Pa. 535, 266 A.2d 763, 42 A.L.R.3d 1107 (1970); Underwood v. Otwell, 269 N.C. 571, 153 S.E.2d 40 (1967). Severance may be accomplished also by alienation. Schimke v. Karlstad, 87 S.D. 349, 208 N.W.2d 710 (1973); Keokuk Savings Bank & Trust Co. v. Desvaux, 259 Iowa 387, 143 N.W.2d 296 (1966). Sale under execution upon a judgment lien will likewise sever the joint tenancy. Frederick v. Shorman, 259 Iowa 1050, 147 N.W.2d 478 (1966); In Re King's Estate, 261 Wis. 266, 52 N.W.2d 885 (1952); Rauer's Collection Co. v. Higgins, 87 Cal. App.2d 248, 196 P.2d 803 (1948).
20 Am.Jur.2d, Cotenancy and Joint Ownership § 21 (1965) recites:
[I]t is generally true that a sale under execution of a joint tenant's interest in joint property operates as a severance of the joint tenancy.
(Footnote omitted.) See also 33 C.J.S. Executions § 101 (1942).