In the Matter of the ESTATE OF Walter E. STEFFEN, Deceased.

Barbara R. STEFFEN, Plaintiff and Appellee,

v.

Sharon R. (Steffen) THURNAU, and Shawn P. Steffen as Administrator of the Estate of Walter E. Steffen, Deceased, Defendants and Appellants,

v.

Barbara R. STEFFEN, Third Party Defendant and Appellee.

RAY FUNERAL CHAPEL, INC., A South Dakota Corp., Plaintiff and Appellee,

v.

Sharon R. (Steffen) THURNAU, and Shawn P. Steffen as Administrator of the Estate of Walter E. Steffen, Defendants and Appellants,

v.

Barbara R. STEFFEN, Third Party Defendant and Appellee.

No. 17095.

Supreme Court of South Dakota.

Considered on Briefs Nov. 29, 1990.

Decided March 13, 1991.

John P. Blackburn and Bret Merkle, on the brief, Legal Intern, Blackburn & Stevens, Yankton, for petitioner, third party defendant and appellee.

John R. Kabeiseman, Kabeiseman, Hosmer & Kettering, Yankton, for defendants and appellants.

WUEST, Justice.

Sharon Thurnau appeals the order of the circuit court dismissing her third-party complaint against Barbara Steffen. We affirm in part, reverse in part and remand.

Walter E. Steffen (hereafter decedent) died February 1, 1988. He had been married twice. His first marriage was to Sharon (Steffen) Thurnau (hereafter Thurnau). They had two children, DeLee and Shawn. Decedent and Thurnau separated before filing for divorce in September 1983, and entered into a property settlement agreement in May 1984, which was incorporated into their divorce decree dated August 27, 1984.

The property settlement purported to divide the couple's real and personal property. It provides in pertinent part:

2. That all of the personal property belonging to each of the parties, ..., has heretofore been equally divided amongst the parties hereto, and that each party is satisfied with the property division that has been heretofore made, and that no further demands for property upon either party shall be made in the event the Court shall grant a decree of divorce.

3. The [decedent] shall be allowed to live in [the marital] home until such time that he dies or voluntarily moves from the premises, but shall, during the period of time that he lives in said house, pay all mortgage payments, and taxes in a timely manner and shall further not allow this property to become in disrepair. Upon any of said events occurring, the home shall be immediately sold, with the net proceeds being divided equally between the parties. In the event [Thurnau] should predecease the [decedent], her

ownership interest in this property shall remain as part of her estate.

The property at issue in this appeal is the marital home, Northwestern Public Service (NWPS) stock and IDS funds acquired while decedent and Thurnau were still married.

Decedent remarried in 1986 to Barbara Steffen (hereafter Barbara). Thereafter, decedent transferred the NWPS stock and IDS funds into a joint tenancy with Barbara. Due to marital problems, Barbara moved out of the decedent's home and filed for divorce. This divorce was pending when decedent died in February 1988.

Decedent's son, Shawn, was initially appointed administrator of his father's estate. However, Thurnau exercised dominion over the estate. She changed the locks on decedent's house, thereby prohibiting Barbara from collecting her personal property. She then made improvements to the home, began renting it out and collected rent. The decedent's pickup truck was also removed from the state.

Ray's Funeral Chapel, Inc. (Ray) filed suit against the estate and Thurnau to recover funeral expenses. Ray's complaint alleged the assets of the estate were insufficient to cover the funeral expenses and thus Thurnau, as the surviving joint tenant of the marital home, was obliged to pay these debts pursuant to SDCL ch. 30–21A. Alternatively, Ray alleged the decedent's and Thurnau's property settlement severed their previous joint tenancy in the homestead and therefore they were tenants in common. Consequently, an undivided one-half interest of the property should be subject to the debts of the estate.

Thurnau's answer denied the property settlement effectuated a severance of the joint tenancy and alleged decedent wrongfully and fraudulently transferred the NWPS stock and IDS funds to himself and Barbara as joint tenants. She alleged she had a part interest in this personal property, which was held by decedent in an implied trust for her benefit. She submitted the decedent's interest in such property was includable in his estate and a proper source of funds to pay the funeral expenses. Thurnau then filed a third-party complaint against Barbara again alleging the transfer of this personal property was fraudulent. Thurnau maintains she and the decedent owned the marital residence as joint tenants with right of survivorship; thus, she is the sole owner of the home.

Barbara filed suit against Thurnau alleging the property settlement severed decedent's and Thurnau's joint tenancy, creating a tenancy in common. Barbara and Ray filed motions with the court and the matter was heard at a consolidated hearing. The motions requested:

(1) The rent collected by Thurnau for rental of the residence be retrieved and paid into a court supervised account;

(2) Thurnau return decedent's pickup truck;

(3) Decedent's son be removed as administrator and the court appoint a new administrator;

(4) The court set pretrial conference and trial dates;

(5) The court order decedent's son to return all of decedent's property to the new administrator; and,

(6) The new administrator take possession of decedent's personal property and conduct an estate sale.

Thurnau's deposition was admitted for consideration at the hearing. The court also took judicial notice of the decedent's and Thurnau's divorce decree and property settlement agreement. Pursuant to these motions and on this limited evidence, the court held the property settlement severed the joint tenancy between decedent and Thurnau and created a tenancy in common in the marital residence. Further, the court held Thurnau's claim of an implied trust was unsubstantiated and without merit. Therefore, the court ordered that the heirs of the decedent were vested with an undivided one-half interest as tenants in common of the marital residence and that the third-party complaint by Thurnau against Barbara be dismissed with prejudice.

Thurnau appeals and raises four issues:

I.  Whether the trial court may enter an order which concerns all issues before the court when genuine issues of

material fact existed and the court treated the motions as one for summary judgment, without notice;

II. Whether it is proper for the trial court to dispose of matters by a joint order when the court is acting without a motion for consolidation or had ordered the same;

III. Whether the joint tenancy should be terminated as a result of the property settlement agreement; and,

IV. Whether the Findings of Fact that a divorce decree is dispositive of all issues pled be sustained when the evidence before the court indicated a post-settlement agreement.

Issues II and IV are deemed waived because no supporting authority was cited in Thurnau's appellate brief. SDCL 15–26A–60(6); *Corbly v. Matheson*, 335 N.W.2d 347, 348 (S.D.1983). We discuss issues I and III together.

We confronted a similar situation in *Wasserburger v. Consolidated Management Corp.*, 459 N.W.2d 561 (S.D.1990). There, plaintiff brought a garnishment action against his judgment debtor's attorney. The garnishee summons alleged the attorney held some of the judgment debtor's money in a trust. The attorney failed to timely answer the garnishee summons and plaintiff sought a default judgment. The matter came on for hearing and the court, *sua sponte*, ordered the money held in the trust released to a third party who had intervened and held the garnishment action was moot.[1] The court's order effectuated a dismissal or summary judgment with respect to the garnishment action, although no such motion was before the court and the parties were not given notice their claimed rights in the trust funds would be determined at the hearing. After reviewing the record on appeal, we found there* existed a question of fact concerning the validity of the trust agreement and the rights and interests of the parties to the trust funds. We held that under such circumstances, it was inappropriate for the court to adjudicate the garnishment action

moot, since there were factual issues left to be determined. *Wasserburger*, 459 N.W.2d at 565.

■ Here, however, there is no material question of fact with respect to the ownership of the marital home: the property settlement agreement is dispositive. It states that "[i]n the event [Thurnau] should predecease the [decedent], her ownership interest in this property shall remain as part of her estate." This provision is inconsistent with a joint tenancy with right of survivorship because if Thurnau predeceased the decedent and they were, in fact, joint tenants, decedent would become the sole owner of the property and Thurnau's estate would not receive any interest. *See* 20 Am.Jur.2d, Cotenancy and Joint Ownership § 3 (1965). Clearly, the parties intended to sever their joint tenancy by the provisions of the property settlement. *See, e.g., Schimke v. Karlstad*, 87 S.D. 349, 351, 208 N.W.2d 710, 711 (1973). There can be no dispute over these facts and we affirm the trial court on this question.

■ The ownership of the NWPS and IDS funds is not as clear. In its Memorandum Opinion, incorporated in the findings and conclusions, the trial court reiterated the paragraph of the property settlement agreement that concerned personal property. The court then stated, *"[a]bsent any other evidence,* this court finds ... the subsequent transfer of [the NWPS stock and IDS funds] from decedent to Barbara valid and not includable in decedent's estate." (Emphasis added.) But there was other evidence before the court; namely, the deposition of Thurnau. And in her deposition, Thurnau asserted the decedent was holding this personal property in trust for her. She stated that she and decedent had entered into this trust by oral agreement; that others were aware of this agreement, including their children; and that the records of NWPS would confirm her assertions. Therefore, the trial court's finding that there was no evidence other than the property settlement agreement is clearly erroneous.

1. The court ordered the garnishment action moot based upon the failure of a condition in

the trust agreement, which had been previously determined by another circuit court.

In a summary judgment motion the evidence is viewed most favorably to the non-moving party and summary judgment should not be granted without a clear showing that there is no genuine issue of material fact. *Wilson v. Great Northern Railway Co.,* 83 S.D. 207, 212, 157 N.W.2d 19, 21 (1968). Thurnau's deposition raises a genuine issue of material fact as to the existence of an oral trust agreement. Thurnau submits there are witnesses and evidence which support her claim. Had counsel been advised of the trial court's intended disposition of this issue, Thurnau could have presented her supporting evidence to the court. The trial judge should have advised the parties of his intentions and provided them an opportunity to present material relevant to the decision. *See Wasserburger,* 459 N.W.2d at 565. *See also Jensen Ranch, Inc. v. Marsden,* 440 N.W.2d 762, 764 (S.D.1989); *Norwest Bank Black Hills v. Rapid City Teachers Federal Credit Union,* 433 N.W.2d 560, 562 (S.D.1988). Thurnau should be allowed a full hearing on this issue.

For the foregoing reasons, that part of the trial court's order dismissing Thurnau's third-party complaint against Barbara is reversed. We affirm the other provisions of the order.

Affirmed in part, reversed in part and remanded.

MILLER, C.J., HENDERSON and SABERS, JJ., and MORGAN, Retired Justice, concur.

AMUNDSON, J., not having been a member of the court at the time this case was considered, did not participate.